Honolulu, March 9th, 1871.

---

## SUPREME COURT—IN BANCO.

---

### APRIL TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

---

### JOHN NORTON *vs.* PAAHANA.

THE DIVORCE ACT of 1870 repealing former statutes of divorce, does not affect suits pending at the date of the repeal.

Exceptions from the decision of one of the Justices of this Court at Chambers, refusing to grant a libel for divorce. The libel was filed July 6th, 1870, alleging adultery of the wife. Under the law in force at the date of filing the libel

John Norton *v.* Paahana.

and return of service, the Justices of this Court had jurisdiction at Chambers to grant divorces. July 18th, 1870, an Act was approved by the King, which by its terms took effect from publication, repealing " all Acts and parts of Acts authorizing divorce causes to be heard at Chambers, and all Acts and parts of Acts inconsistent " therewith. Section 1 of this Act declares that "Divorces from the bond of matrimony shall be granted for the causes hereinafter set forth, and for no other ; " Section 2, that if the parties "shall have lived together as husband and wife in Oahu, the Supreme Court shall exercise jurisdiction. But all such cases shall be regularly entered on the calendar like other civil actions. No such case shall be heard at Chambers, and no consent of parties shall warrant the Courts in hearing divorce causes, or any matter connected therewith, except during regular sessions in the public Court rooms. * * In all proceedings before the Supreme Court connected with divorce causes the presence of at least two of the Justices shall be required." Section 3 provides that "all proceedings for divorce shall be commenced by libel ; " that process shall be made returnable at the term "next after the expiration of forty days from the filing of the same," and that the " Court shall not entertain jurisdiction of such libel," unless personal service shall have been made "more than thirty days before the first day of the term to which the same shall be returnable, except as is provided in the following section." By Section 4, if personal service can not be made and the respondent can not be found, the case shall be continued until the next term, and an attested copy of the summons meanwhile shall be printed in the Government *Gazette* and *Au Okoa.* By Section 6, no divorce for adultery shall be granted "where the libel was not filed within one year after the discovery by the libellant of the offence charged." There are numerous other provisions, but these contain all that affect the question of jurisdiction. Under the new Act, the Attor-

ney General is entitled to be heard "to establish the fact of collusion, or the existence of testimony not produced." He was heard, in opposition to the authority of the Court at Chambers to grant the prayer of the libel.

The following are the enactments bearing on the case : "No law shall have any retrospective operation." Section 5, Civil Code. "The repeal of any law shall in no case affect any act done or right accruing, accrued, acquired or established, or any proceeding had or commenced in any civil case before the time when the said repeal shall take effect." *Ib.*, Section 22. "No suit or prosecution pending at the time of the repeal of any law, for any offence committed or forfeiture incurred under the law so repealed shall in any case be affected by such repeal." *Ib.*, Section 23. "All questions of law arising in any civil cause shall be decided by the Court or Judge before whom the matter is pending." *Ib.*, Section 822. "The several Courts in their decisions shall have due regard to vested rights." *Ib.*, Section 825. "No retrospective laws shall ever be enacted." Article 16, Constitution. "The supreme power of the kingdom, in its exercise, is divided into the Executive, Legislative and Judicial ; these shall always be preserved distinct." Article 20, Constitution.

HARTWELL, J. : The Act of 1870 has no express clause in favor of pending cases at Chambers, and the first point for consideration is whether it was the intention of the Legislature that such cases should be decided under the old law according to the rules of procedure, and on the grounds of divorce which were in force when they were begun, or that all jurisdiction over those cases at Chambers is taken away, requiring them to be dismissed and brought under the new Act. If the latter view be correct, then it is to be considered whether the Act is to that extent unconstitutional and void.

The hardship of legislating parties out of Court and requir-

ing them to commence their suits anew in another tribunal, and by rules of procedure not existing when they brought their actions, is evident. They lose in time and expense incurred on the strength of their reliance upon the laws. It is claimed that no person has a right to expect the tribunals or rules of procedure which exist at the time when he brings an action, to continue until his cases are decided. This may be admitted as sound doctrine, provided a competent tribunal be furnished to decide the actions brought before the change in the law, and that the change in the procedure do not destroy or materially affect the right of action or ground of defence in actions previously commenced. There are many decisions of great interest in the United States concerning laws which impair the obligation of previous contracts, or affect the decision of pending cases. Statutes of limitation, Bankruptcy Acts, laws making parties witnesses in their own cases, abolishing old and creating new tribunals, or requiring actions to be brought in different form, have given rise to numerous suits in which arguments of eminent counsel, and opinions of Courts of distinguished ability, have illustrated questions like that now before us. The cases on some points thus presented appear to be irreconcilable with each other, but I have failed to find any decision that a clear statute remedy can be taken from any party in a pending case without some pretence of an equivalent, and that a right of action in such a case can be directly destroyed. Such, however, is the result of the construction urged by the learned counsel. The libellant alleges that the adultery was first known to him about December 28th, 1869. The Act of 1870, by its express terms, makes it impossible for the divorce to be granted, inasmuch as the limitation of one year from discovery of the offence, has now expired. There was no limitation of the kind under the previous law.

The first rule which applies in the construction of statutes is, that they are not to be construed so as to affect pending

cases and cause hardship to innocent parties, unless their terms are so explicit that no other construction can fairly be made.

In looking at the terms of the Act of 1870, it will be seen that its first section merely enumerates causes of divorce, the same as under the previous law. Section 2 provides that the Supreme Court *shall* exercise jurisdiction in cases on Oahu, and that all *such* cases *shall be* regularly entered &c. The remainder of that section refers only to cases so entered, and to divorce proceedings before the Supreme Court. So Section 3 provides that all proceedings for divorce *shall* be commenced by libel, &c., and the remainder of the Act, unless in the repealing clause in Section 12, applies expressly to libels *so instituted* before the *Supreme Court*, and not to previous cases begun at Chambers. In view of the express terms of the Act, and of the general provisions of the Civil Code, saving the rights of parties in pending suits, I am clearly of the opinion that this Act was intended to be prospective. In reading the clause which repeals "all Acts authorizing divorce cases to be heard at Chambers, and all Acts and parts of Acts inconsistent" therewith, my inference is not that the Legislature thereby intended to cut off the right of parties in pending cases, but on the contrary, that it was deemed that the Civil Code fully saved their rights. I have no hesitation in declaring this to be the correct view, in the present case, where the new Act would destroy the right of action.

But if it were held that this Act in fact repeals all the previous Statutes in favor of pending cases, then such repeal, as far as it destroys the present libellant's right of action, is opposed to the spirit and letter of the Constitution, which declares that "no retrospective law shall be enacted." As for the argument that parties have no right to any peculiar form of remedy, or to the continuance of any particular tribunal, it may be considered in cases where it applies. In

John Norton *v.* Paahana.

this case, it is enough to 'say, that *all* remedy would be destroyed, and that the tribunal before which it was brought is not abolished. The Justices of this Court still sit at Chambers, but their jurisdiction over divorce causes is for the future transferred to the Court in term time. If an Act which destroys the right of action of parties in Court, depriving them of their remedy and furnishing no other in its place, is not retrospective legislation, in its most odious form, in a civil cause, I am at a loss to know what would be a retrospective law. Nay, more, what would this be, but assumption by the Legislature of judicial function, to decide causes before the Courts? Would the case be any stronger if the Legislature should enact that all actions pending in Courts should be dismissed unless brought within six months after the right of action accrued, or that in no pending case should any statute of limitation be pleaded in defence? I can take no other view than this, unless that legal securities for "life, liberty and property," whether provided by statute, by the Constitution, or by the general principles of law as laid down by all writers on jurisprudence, are mere fictions of the mind, which Judges or Legislatures may set at naught as they like. But decent respect for legislative wisdom and sense of justice forbids me to suppose they intended to destroy or impair any right in pending suits.

If this be deemed useless refinement on Constitutional questions, I can only say that the case presents the points, and that I doubt the possibility of making the fundamental law too clear and imperative.

The majority of the Court do not give any opinion on the Constitutionality of the Act (as affecting this case), as in their view it is unnecessary by reason of its prospective nature, under the provisions of the Civil Code concerning pending suits.

The judgment of the Court is, that the exceptions are sustained, and the cause remanded for judgment.

W. C. Jones for the libellant.

S. B. Dole for the libellee.                    39