THE UNITED STATES *vs.* CHARLES H. MERRIAM, As Registrar of Conveyances of the Territory of Hawaii.

April 4, 1906.

*Retroactive Effect of Laws:* Laws will not be construed retroactively to prejudice rights and liabilities.

*Same:* Laws may be construed retroactively to effect the forms and methods of procedure and forms of remedies.

*Vested Interests:* A party litigant has no vested interest in the form of the remedy.

At Law: Petition for Writ of Mandamus.

J. J. Dunne, Ass't U. S. District Attorney (Smith & Lewis, of Counsel), for Petitioner.

E. C. Peters, Attorney General of the Territory, for Respondent.

DOLE, J. In certain proceedings brought by the plaintiff in this case, on the 17th of February, 1905, under the law of Eminent Domain of the Territory of Hawaii for the condemnation of land, a judgment by default was obtained against certain of the defendants to such action, and a judgment by agreement against the rest of the defendants. The plaintiff offered a certified copy of the latter judgment to the Registrar of Con-

veyances of the Territory of Hawaii, for record,—such judgment containing a map of the real estate affected by the judgment, and made a part thereof. The Registrar of Conveyances refused to receive and record such judgment on the ground that Act 23 of the Session Laws of the Territory of Hawaii for the year 1905, approved on the 3rd day of April, made it unlawful for the "Registrar of Conveyances to accept for record and record any plan of land." The plaintiff brought this suit of mandamus to compel the Registrar to record such judgment and map. A plea to the jurisdiction and a demurrer by the respondent were overruled by the court so far as the application for a writ referred to the judgment in question. The issue now presented is whether the Registrar of Conveyances is compelled to record the said judgment and map.

The plaintiff contends that the action for condemnation of the land in question under the law of Eminent Domain having been initiated before the enactment referred to, the act in question should not be permitted to affect the remedies under such proceedings, on the theory that retroactive legislation is not favored by the courts. The respondent claims that even if the application of the act to the pending legislation should be regarded as retroactive, yet it is not therefore to be refrained from, inasmuch as it would only affect the form of its remedy and not in anywise prejudice the plaintiff in any of its rights which it had acquired under the pending proceedings.

The Constitution of the United States forbids *ex post facto* legislation. This is conceded by the authorities to refer only to criminal acts, its effect being to prevent legislation making an act punishable which was not punishable when it was committed. The Constitution of the United States also forbids any State to enact legislation impairing the obligation of contracts.

There are two classes of matters in relation to the civil side of the courts which will be affected by retroactive legislation, if it should be recognized as generally applicable. The one class represents legislation which affects remedies in legal proceedings or matters of procedure,—which changes the form or

method of the procedure or the form of the remedy, but does not destroy the benefits already gained by pending proceedings; and the weight of authority recognizes the rule that when such legislation affects acts which have taken place, or proceedings which have been initiated before and were pending at the time such legislation was enacted, without prejudice, its application is permissible. The reason of this rule being that while the legislature would not be presumed to intend what is unjust, yet such legislation as does not injuriously affect pending proceedings or previous acts may be recognized as applying to them. The other class of acts and things refer to those which are in the nature of vested rights, contracts, and also matters in which the jurisdiction of a court already acquired would be disturbed by the application of such legislation.

Counsel for the plaintiff has cited in his brief a number of authorities in support of his contention that the act of the Territorial legislature making it unlawful for the Registrar of Conveyances to record maps, does not apply to these proceedings, and I find that all of his citations on this point of the case either refer to matters in which certain rights had vested through the beginning of proceedings or in which the application of such legislation would interfere with the jurisdiction of a court already acquired when such legislation was passed. For instance, his citation of *Mann v. McAtee,* 37 Cal. 11, 14-15, deals with a judgment upon which execution had become barred by the lapse of time, after which a statute was passed extending time for issuing executions on judgments. It will be seen that the right of execution had failed from lapse of time and the defendant had thereby acquired an immunity from the execution of the judgment, which was to him a valuable right, and a new statute after such benefit had vested in him, if applied to the case, would affect vested legal rights by reopening the case, which, by the statute under which it was tried and disposed of, was dead and out of court. The court said the statute should not be construed to "open up new fields of litigation founded upon stale proceedings in the courts." The case

of *Merwin v. Ballard,* 66 N. C. 324-5, decides that "the subsequent statute did not deprive the plaintiff of his rights." This action was founded on contract and the law under which it was brought permitted actions *ex contractu* in all cases of joint obligations to be brought against all or any of such persons thus jointly liable. The subsequent statute repealed this provision and the defendant demurred for non-joinder under the new law, which demurrer was overruled, plaintiff being legally in court and his rights as a party plaintiff not being contingent upon any future act or qualification. In the case of *Trist v. Cabenas,* 18 Abb. Pr. Rep. 143, 146, a reference had been made and before the referee had reported, the statute under which he was appointed was so amended that a referee was required to report within sixty days from the time the action was finally submitted, failing which he should not be entitled to fees and the action should proceed as though no reference had been ordered. In this case more than sixty days had elapsed and the court said the new statute "contemplates a future submission— a final submission to the referee after the amendment was passed and took effect; and it would be imputing a design on the part of the legislature to impair and injure suitors in seeking their remedies, should we extend the operation of the statute so as to cover existing submissions." In other words, the application of the amendment to the pending case would have deprived the referee of the fees he had earned or was entitled to earn under the law as it existed when he was so appointed. He had a right to his fees even though he consumed more than sixty days in making his report. In the case of *Johnson v. Burrell,* 2 Hill, 238-9, the court said, "It is a general rule that a statute affecting rights and liabilities should not be so construed as to act upon those already existing." In the case of *Bedford v. Shillings,* 4 S. & R. 401, the court said, "Men in regulating their contracts, shall have the benefit of existing laws and not have them overturned or affected by future laws which they certainly could not foresee or provide against." These cases apply to rights vested on contracts entered into under

previous laws. The court decided in *Dickinson v. Lovell,* 5 N. H. 364, that a pending case under a statute giving the right of review, was not affected by a subsequent statute taking away that right, the theory being that the plaintiff was entitled to all the rights granted by the procedure under which he began his proceeding, the deprivation of which would be a deprivation of a valuable right which existed at the time of the beginning of such proceedings. In the case of *Newson v. Greenwood,* 4 Oreg. 120, the court decided that an amending or repealing act cannot interfere with the jurisdiction of a court already acquired relative to an action pending when such amending or repealing act was passed. The case of *Norton v. Paahana,* 3 Haw. 300, 303-4, was to the effect that new legislation could not destroy the rights of litigants in pending cases to proceed to judgment. The court said, "In this case it is enough to say that all remedy would be destroyed, and that the tribunal before which it is brought is not abolished," bringing this case in the line with *Newson v. Greenwood,* supra. *City Ry. Co. v. Citizens' R. R. Co.,* 166 U. S. 557, 564-5, and *Shreveport v. Cole,* 129 Id. 36, 43, are cases of contract.

It will be seen from an examination of these cases that they apply to proceedings which were pending at the time of the repealing or amending act, or to acts done and rights vested or contracts entered into before such new legislation was enacted; and that the new legislation would have affected such acts or contracts or pending proceedings or acquired rights injuriously if it had been applied to them. The force of these authorities tends to support the respondent's contention that legislation may properly be retroactive upon the form of the remedy.

In *Bauer Grocer Co. v. Zelle,* 172 Ill. 407, 414, cited by plaintiff's counsel, the court said, "The rule is that statutes are prospective and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction." In this case, a sale under an execution was made by virtue of a statute that required eight per cent interest on the amount bid at the sale

to be paid by parties desiring to redeem.. A subsequent enact-
ment reduced the interest in such cases to six per cent; the party
redeeming taking advantage thereof, paid interest at six per
cent only.    The court held that the later statute contained
nothing to show that it was intended to have retroactive action
and that therefore the payment of six per cent did not effect a
legal redemption.    Although this case in a general way ap-
pears to support plaintiff's contention, its reasoning is not sup-
ported by the weight of authority; it must also be observed that
the application of the later statute to the proceedings in ques-
tion would have deprived the party entitled to interest, of the
right to eight per cent, which right had vested in him under
the old statute.

Under the law existing at the time these proceedings were
brought under the Eminent Domain act, the statute providing
for the registration of documents required the Registrar of Con-
veyances to record the same by making "an entire literal copy of
all instruments required to be recorded in his office."    Under
this law, it has been the practice of the Registrar to record such
plans of lands as were incorporated in instruments offered for
record.

The plaintiff claims that this was a contemporaneous con-
struction of the statute and that accordingly such record of
maps was required.    I do not regard this proposition as largely
figuring in the case as the question is, admitting such to have
been the practice and the requirement, whether the new statute
making it unlawful to record maps, applies to these proceed-
ings which were pending when such law was passed ?    Under
the Eminent Domain act it is provided that the final order of
condemnation shall describe the property condemned, the pur-
poses of such condemnation, and that a certified copy thereof
shall be filed and recorded in the office of the Registrar of Con-
veyances, and thereupon the property described shall vest in
the plaintiff.    Although there is nothing in the act which refers
to the recording of a map as a part of the final order of con-
demnation, yet the right, under the old law to have a map

recorded as part of the order, being conceded, would the application of the new law to the remedy in this case,—in other words the refusal of the Registrar to record the map,—come within the rule supported by the cases cited by plaintiff's counsel? The registration of the final order of condemnation is a proceeding by which the title is vested in the plaintiff. The new law forbids the record of a map and so changes the form of the remedy. Does the plaintiff suffer if only his final order of condemnation, without a map, should be recorded? If not, has he any vested right to have a map recorded as a part of the order in accordance with the old practice? I think not. The record of an order of condemnation confined to words and figures vests the title of the land condemned in the plaintiff fully and completely. The addition of a map to such order, although it might be of some convenience, would not add anything to the strength of the title of the plaintiff. Under this view, the new legislation applies and forbids a record of the map, leaving the plaintiff to the record of an order of condemnation in words and figures only in which its rights are fully preserved. It is the form of the remedy which is changed and no vested right is destroyed.

"In this country the general rule seems to be, in accordance with the English, that statutes pertaining to the remedy (i. e., such as relate to the course and form of proceedings for the enforcement of a right, and do not affect the substance of the judgment pronounced, and neither directly or indirectly destroy all remedy whatever for the enforcement of the right) are retroactive, so as to apply to causes of action subsisting at the date of their passage." End. Interp. Stat., Sec. 287.

"The legislature may alter, enlarge, modify, or confer a remedy for existing legal rights without infringing any principle of the constitution. Statutes which relate alone to the remedy, without creating, enlarging, or destroying the right, operate generally on existing causes of action, as well as those which afterwards accrue." *Coosa River Steamboat Co. v. Barclay;* 30 Ala. 120; *Judd v. Judd,* 125 Mich. 228, 232.

"Laws are deemed retroactive, and within the constitutional prohibition, which by retrospective operation destroy or impair vested rights, or rights to do certain actions or possess certain things according to the law of the land; but laws which affect the remedy, merely, are not within the scope of the inhibition, unless the remedy be taken away altogether, or incumbered with conditions that would render it useless or impracticable to pursue it." *Phoenix Ins. Co. v. Shearman,* 43 S. W. 1063, 1064.

"Where a new statute deals with procedure only, prima facie it applies to all actions,—those which have accrued or are pending, and future actions." Sutherland, Stat. Constr., Sec. 482. *County of Kossuth v. Wallace,* 60 Iowa, 508, 509-10; *Railroad Co. v. Commissioners,* 35 Ohio St., 1, 8.

I have found no cases contrary to the foregoing citations unless *Bauer Grocer Co. v. Zelle,* supra, may be so regarded.

The respondent in his brief raised the question whether the judgment offered for record was a final order of condemnation according to the provisions of the statute of Eminent Domain, in that there is no information furnished to the court that the payment of the compensation or damages to the defendant in the condemnation case has been made, the statute providing that such payment shall be made to the clerk of the court and that when such payment has been made, a final order of condemnation shall be made and recorded in the office of the Registrar of Conveyances. In this case it was the judgment that was offered for record. It is rather late for a point like this to be made, which perhaps might have been raised on the demurrer, and, realizing that there is room for argument on both sides of the proposition, and no reply having been submitted and no argument had, I think no further reference need be made to it at the present time, as under the decision which I have arrived at, there will be an opportunity for its due consideration.

In accordance with the foregoing views and authorities, I feel that the respondent was justified in his refusal to record the judgment offered to him, and deny the writ.