[No. 16612.  *En Banc.*  July 27, 1921.]

CATHERINE S. SKIDMORE, *Appellant,* v. C. W. CLAUSEN, *as State Auditor, Respondent.*[1]

STATUTES (78)—TIME OF TAKING EFFECT—INITIATIVE AND REFER-ENDUM—SOLDIER'S BONUS.  Under Const., art. 2, § 1d, providing that initiative and referendum measures shall be in operation thirty days after approval, the soldiers' compensation act, Laws 1920, ch. 1, approved by popular vote on November 2, 1920, did not go into effect until December 2, 1920; and the death of a soldier entitled to a bonus, four days prior to the date of taking effect of the measure, would not entitle his estate to take thereunder (BRIDGES, J., dissents).

Appeal from an order of the superior court for Thurston county, Wright, J., entered June 17, 1921, sustaining a demurrer to plaintiff's application for a writ of mandate, dismissing an action to recover under the soldiers' bonus.  Affirmed.

*Philip Tworoger,* for appellant.

*The Attorney General* and *Nat U. Brown,* for respondent.

HOLCOMB, J.—This action was begun in the superior court of the state of Washington for Thurston county, by appellant in her own name, seeking a writ of mandate directed against C. W. Clausen, as state auditor, to compel the issuance to her of a warrant in her favor in the sum of $360.  Appellant is the widow of Francis M. Skidmore, who died November 28, 1920.  Mr. Skidmore, had he lived, would have been entitled to receive $360 from the state, under ch. 1, Laws of 1920, p. 7, known as the "Bonus Act", or "Soldiers Additional Compensation Act", for service performed in the army

[1]Reported in 199 Pac. 727.

of the United States during the late war. A demurrer to the application was sustained by the lower court, and appellant refusing to plead further, the action was dismissed. This appeal is from the order of dismissal.

In the lower court, appellant sought recovery as the beneficiary under the terms of the act and set forth in her affidavit that she was the dependent wife of the deceased soldier, and therefore entitled to the compensation that would have gone to him. Section 1, ch. 1, Laws of 1920, p. 7, provides compensation for dependent widows of soldiers who were killed or died in the service. The deceased husband of appellant died some five months after his discharge. In this court appellant abandoned her claim as a dependent of the deceased soldier, and seeks relief as administratrix of the estate of her husband. This change was agreed to by the attorney general.

As stated by appellant, the question is whether appellant is entitled to the relief demanded under an interpretation of the initiative and referendum amendment to the state constitution. The provision of the initiative and referendum amendment affecting the same, is:

"Any measure initiated by the people or referred to the people as herein provided, shall take effect and become the law *if* it is approved by a majority of the votes cast thereon: *Provided,* That the vote cast upon such question or measure shall equal one-third of the total votes cast at such election and not otherwise. *Such measure shall be in operation on and, after the thirtieth day after the election at which it is approved.*" (Italics ours). Const., art. 2, § 1d.

Appellant contends that the bonus law went into effect on November 2, 1920, the date on which the people of the state by their referendum approved it; that its operation was technically to commence on December 2,

1920, but that it actually went into effect on the date of its approval by the people.

The deceased husband died November 28, 1920, or four days before the act would become effective under the above quoted amendment.

Although this is a case appealing to us as a very meritorious one, we are forced to the conclusion that the contentions of appellant are untenable. In *Gottstein v. Lister,* 88 Wash. 462, 153 Pac. 595, Ann. Cas. 1917 D 1008, in construing the effect of the initiative and referendum amendment to the constitution, we held that an initiative measure became effective on the thirtieth day after the election at which it was approved. A referred measure is under the same terms as an initiative measure.

In *State ex rel. Atkinson v. Northern Pacific R. Co.,* 53 Wash. 673, 102 Pac. 876, 17 Ann. Cas. 1013, we held that:

"The general rule is that a statute speaks from the time it goes into effect, whether that time be the day of its enactment or some future day to which the power enacting the statute has postponed the time of its taking effect."

We quoted with approval 26 Am. & Eng. Ency. Law (2d ed.), p. 565, reading:

"A statute passed to take effect at a future day must be understood as speaking from the time it goes into operation and not from the time of passage. Thus the words 'heretofore', 'hereafter' and the like, have reference to the time the statute becomes effective as a law, and not to the time of passage. Before that time no rights may be acquired under it, and no one is bound to regulate his conduct according to its terms; . . ."

The *Atkinson case,* it is true, was reversed by the supreme court of the United States, *Northern Pacific R. Co. v. State ex rel. Atkinson,* 222 U. S. 370, but it was

reversed on the ground that although it conceded the right of the state to apply its police power for the purpose of regulating interstate commerce, in a case like this it ''exists only from the silence of Congress on the subject, and ceases when Congress acts on the subject *or manifests its purpose to call* into play its exclusive power.'' This being the conceded premise upon which the state law could have been made applicable, it was held that the enactment of Congress of the law in question was an assertion of its power, and by the fact alone of such manifestation that subject was at once removed from the further operation of the authority of the state. The supreme court of the United States admitted the soundness of the rule declared by us, but held, as will be observed from the above statement, that its application did not apply to that case.

We are therefore obliged to affirm the order of the lower court.

PARKER, C. J., TOLMAN, FULLERTON, MAIN, and MITCHELL, JJ., concur.

BRIDGES, J., dissents.