[No. 26089.   Department Two.   July 29, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Marion C. French, Respondent*, v. THE CITY OF SEATTLE *et al., Appellants*.[1]

[1]Reported in 59 P. (2d) 914.

*A. C. Van Soelen* and *John E. Sanders,* for appellants.

*Tanner & Garvin,* for respondent.

HOLCOMB, J.—Only one question is involved in this case, and that is what the word "ordered" means in the local improvement guaranty fund act passed in 1927, Rem. Rev. Stat., § 9351-1 [P. C. § 1071-1] *et seq.* We agree with both parties that the case is very simple. That being true, the discussion is much too extended.

The trial court found and concluded in favor of respondent for recovery of an interest coupon due April 23, 1935, and ordered it paid by appellants, from which judgment comes this appeal.

Local improvement district No. 4535 was "ordered" subsequent to the effective date of the local improvement guaranty fund act above cited.

Another statute, Rem. Rev. Stat., § 9359 [P. C. § 996], provides:

"Any such improvement may be ordered only by ordinance of the council, or other legislative body of such city or town, either upon petition or resolution therefor."

Seattle was and is a city of over three hundred thousand population for which the local improvement guaranty fund act, above cited, was created.

Section one thereof, Rem. Rev. Stat., § 9351-1 [P. C. § 1071-1], reads:

"There is hereby established for each city and town in the state a fund for the purpose of guaranteeing to the extent of such fund and in the manner hereinafter provided, the payment of its local improvement bonds and warrants issued to pay for any local improvement ordered; (a) In any city of the first class having a population of more than three hundred thou-

sand, subsequent to the effective date of this act; (b) In any city or town having created and maintained a guaranty fund under this chapter, subsequent to the date of establishment of such fund; (c) In any other city or town, subsequent to April 7, 1926: . . .''

The effective date of that act, under our constitution, Article II, § 31, was June 8, 1927. On May 2, 1927, ordinance No. 52903 was enacted by Seattle. Section one reads:

''That there is hereby created and established a 'Local Improvement Guaranty Fund' for the purpose of guaranteeing to the extent of such fund, and in the manner provided by law, the payment of local improvement bonds and warrants issued to pay for any local improvement hereafter ordered, as contemplated by Chapter 209, Session Laws of 1927.''

This ordinance became effective June 1, 1927.

On June 3, 1927, the mayor approved ordinance No. 53087 ordering the improvement of Fortieth avenue north, local improvement district No. 4535. A section of that ordinance reads:

''This ordinance shall take effect and be in force thirty days from and after its passage and approval. . . .''

No decision is cited by appellants which holds that an ordinance is in effect before its effective date. The almost universal rule is that ordinances and statutes speak from their effective dates and not before. *State ex rel. Atkinson v. Northern Pac. R. Co.,* 53 Wash. 673, 102 Pac. 876.

As quoted from 26 Am. & Eng. Ency. Law (2d ed.) 565, in *Skidmore v. Clausen,* 116 Wash. 403, 199 Pac. 727:

''A statute passed to take effect at a future day must be understood as speaking from the time it goes into operation and not from the time of passage.''

The same rule is applied to municipal ordinances. *State ex rel. Hardy v. Superior Court,* 155 Wash. 244, 284 Pac. 93.

Under this rule, the city ordinance passed June 3, 1927, ordering the improvement, undeniably took effect on July 3, 1927. The legislature created the guaranty fund by the act of 1927, *supra.*

The council could not have excluded district No. 4535 from the benefits of the fund if it had so desired. Respondent had the right to rely on the city ordinances and on the guaranty fund. There is, therefore, no merit in the contention of appellants that she is estopped in any way. The mere statement of that proposition shows its fallacy.

The judgment of the trial court is right, and it is affirmed.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.

