[No. 29275.    Department Two.    November 18, 1944.]

FERN J. WYNAND, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondents*.[1]

*W. H. Sibbald,* for appellant.

*The Attorney General* and *Harry L. Parr, Assistant,* for respondent Department of Labor and Industries.

*T. J. Hanify, Laube & Laughlin, Little, Leader, LeSourd & Palmer, L. B. Donley, Grosscup, Morrow & Ambler, Hulbert, Helsell & Paul,* for respondent Long-Bell Lumber Co.

[1]Reported in 153 P. (2d) 302.

ROBINSON, J.—Since the three parties to this appeal are agreed that but a single question of law is involved, no detailed statement of facts will be attempted in this opinion. A bare statement showing how the question arose will serve every necessary purpose.

On June 27, 1941, appellant, an employee of the Long-Bell Lumber Company, was injured while engaged in extra-hazardous work. His claim was recognized by the department of labor and industries, and time loss was paid to October 20, 1941. He contended in the lower court that his compensation should have been computed by using the increased scale of awards provided in chapter 209, Laws of 1941. Claimant's contention was rejected by the trial court, and he has appealed and renews it here. He is opposed here, as in the trial court, by both the department and the employer.

In his brief, the appellant states that the question involved is:

"Does the Referendum which was filed against Laws of 1941, Chapter 209, defeat the right of injured workmen to the increase of awards and time loss when their injuries occurred subsequent to June 11, 1941?"

The department's counterstatement of the question involved is as follows:

"Was chapter 209, Laws of 1941, effective on the date it was passed by the legislature even though a referendum was filed against that chapter?"

This is incorrect. The appellant raises no such question. His contention is not that the act became effective when it was passed by the legislature in March, 1941, but on June 11, 1941. This is not only shown by appellant's statement of the question involved, but also by the following statement at the very beginning of his brief:

"We shall not here set out the statute which, by its terms and the law of the state, took effect June 11, 1941, except as it may have been suspended by the abortive Referendum filed against it."

The employer in its brief restates the question as follows:

"Should the provision of Referendum No. 22 (which became effective December 3, 1942) be retroactively applied to increase the awards made to appellant for time loss and disability granted by reason of an injury sustained by appellant prior to the effective date of Referendum No. 22?"

Stated simply and reduced to its lowest terms, the controversy between the parties is merely this: The appellant contends that chapter 209, Laws of 1941, became a law on June 11, 1941, even though a referendum petition complying with the requirements of amendment seven of the state constitution had theretofore been filed against it. The respondents contend that it did not in any sense become a law until December 3, 1942. The appellant's theory may be outlined as follows:

(1) By the mandate of § 31, Art. II, of the state constitution, all laws, except those making appropriations, or declaring emergencies, "take effect" ninety days after the adjournment of the legislative session, unless it be otherwise directed by a two-thirds vote of each house.

(2) Chapter 209, Laws of 1941, does not fall within any of the exceptions, and, since the 1941 session of the legislature adjourned on March 13, 1941, it took effect at twelve midnight, June 11, 1941, and all workmen injured thereafter became of right entitled to have their injuries compensated according to the scale of awards therein contained.

To this argument, the respondents' first reply is that this court has already decided, in *Lynch v. Department of Labor & Industries,* 19 Wn. (2d) 802, 145 P. (2d) 265, that chapter 209 did not become effective until December 3, 1942, and that the act applies only to those cases where the injury occurred subsequent to that date. The last paragraph of the decision in the *Lynch* case reads as follows:

"We are convinced that the legislative intent under which chapter 209, Laws of 1941, and referendum measure 22 were finally enacted was that the law should apply only to those cases wherein the injuries from which pension rights are derived occur subsequent to the effective date of the law, namely, December 3, 1942."

· The appellant, while conceding that this language is flatly contra to his contention, contends that it was unnecessary to the decision of the case, and for that reason, and also because the result in that case was arrived at by a five to four vote, urges us not to consider it as binding upon us in considering this case. In this connection, it is urged that the appellant in the *Lynch* case assumed, in her action, that December 3, 1942, was the effective date of chapter 209, and that the question which the court had before it for decision was simply this: Assuming that chapter 209 went into effect on December 3, 1942, is it retroactive and does it increase from December 3, 1942, the amount of a pension ·granted to a widow on account of an injury to her husband, sustained in 1937, from which he died in 1940? It is further said that no question whatever was raised as to when the act took effect, and that the only question for decision was: Is the act retroactive? It is added that, in the instant case, there is no contention that the act is retroactive. The contention is that the act went into effect on June 11, 1941, and that the appellant, who was injured sixteen days later, is entitled to the benefits thereof.

It would be unprofitable to discuss whether or not there is dicta in the opinion in the *Lynch* case, because the case is clearly authority to the effect that chapter 209 is not retroactive in its application, and we have arrived at the conclusion, altogether independently of the alleged dicta, that chapter 209 did not become a law until December 3, 1942. Our reasons for this conclusion will be briefly stated.

As appellant contends, it is true beyond question that, if a referendum petition meeting the requirements of constitutional amendment seven had not been filed as to chapter 209, Laws of 1941, prior to June 11, 1941, it would have gone into full force and effect on that date. But the appellant contends that, despite the filing of such petition, chapter 209 became just as effective as the other laws that went into effect that day concerning which no referendum was had, and that, when he was injured a few days later, it vested in him the right to be compensated according to the increased scale of awards therein provided; that the referendum had no

other effect than to temporarily *"suspend"* his vested right to be compensated according to that scale, and that, when the people approved the act in the general election of 1942, the period of suspension came to an end, and his so-called right became absolute.

█ █     We cannot accept this theory.  We quote from paragraph (d) of amendment seven to the state constitution:

"Any measure initiated by the people *or referred to the people* as herein provided *shall take effect and become the law if it is approved by a majority of the votes cast thereon:* Provided, that the vote cast upon such question or measure shall equal one-third of the total votes cast at such election and not otherwise.  *Such measure shall be in operation on and after the thirtieth day after the election at which it is approved."*  (Italics ours.)

In our opinion, the concluding sentence in the above quotation amply supports the conclusion at which we have arrived.  It is said, of a measure referred to the people, that it "shall be in operation" on and after the thirtieth day after the election at which it is approved, which, in the case of chapter 209, was December 3, 1942.  The phrase "shall be in operation" is equivalent to "shall become operative," "shall be effective," or "go into effect."

But, if there be any lingering doubt not removed by that language, the first sentence of the quotation conclusively disposes of the appellant's contention that chapter 209 became, in every sense of the word, a law, or the law, on June 11, 1941.  It is there said:  "Any measure  .  .  .  referred to the people  .  .  .  shall take effect and become the law if it is approved by a majority of the votes cast thereon;  .  .  .  "  If, as appellant contends, chapter 209 became, in every sense of the word, a law on June 11, 1941, and continued to be so, how could it, when already the law, "take effect and *become* the law" some months thereafter?

Clearly, it is the affirmative vote of the people which gives a referred measure the status of law.  Under our statutes (Rem. Rev. Stat., § 5341 [P. C. § 2189]), the vote of the people on such a measure does not of itself become effective and

operative until canvassed by the secretary of state and the result proclaimed by the governor, which acts are required to be performed within thirty days after the election and may, therefore, not be performed until the twenty-ninth day. This is, presumably, the reason why amendment seven to the constitution provides that, if a referred measure is approved by the vote of the people, it shall become operative on and after the thirtieth day after the election at which it was approved. In the case of chapter 209, that day was December 3, 1942.

Since it has been held in the *Lynch* case, *supra*, that chapter 209 is not retroactive, and, since we now hold that it did not become the law until December 3, 1942, the appellant is not entitled to have the scale of awards therein provided used in compensating him for an injury received on June 27, 1941.

The judgment of the trial court is accordingly affirmed.

SIMPSON, C. J., BEALS, BLAKE, and MALLERY, JJ., concur.