[No. 38607. Department Two. March 30, 1967.]

JAMES G. ROMEREIN, *Appellant,* v. C. G. ERLANDSON *et al.,* *Respondents.**

A. Wesley Hodge (of *Hullin, Ehrlichmann, Carroll & Roberts*), for appellant.

*A. L. Newbould* and *John P. Harris,* for respondent Erlandson.

*Reported in 425 P.2d 911.

*Dwayne E. Copple* (of *Lesourd & Patten*), for respondent Housing Authority.

ARMSTRONG, J.†—The Seattle Housing Authority filed a petition with the Seattle City Council for the vacating of a portion of 8th Avenue. The petition was granted by the city council which passed ordinance 93643 vacating a portion of 8th Avenue. The ordinance was approved by the mayor on February 24, 1965.

Appellant sought to refer the ordinance to the people by a referendum petition which required 14,312 signatures in order to invoke the referendum, and on March 25, 1965, petitions containing 12,086 signatures were filed with the city comptroller. On March 26, 1965, 4,147 additional signatures were also filed. Corporation counsel for the city advised the city comptroller that the last day for filing such petitions was March 25, 1965. Therefore, the petitions filed on March 26 were not verified on the ground that they were not timely filed.

This action was commenced by appellant by a writ of mandamus to compel the city comptroller to receive and verify the rejected petitions. Respondent city comptroller appeared and filed a motion to dismiss. The housing authority was granted leave to intervene and moved for summary judgment.

The combined motions of all the parties were heard and an order was entered denying appellant's writ of mandamus and granting respondent city comptroller's motion to dismiss for the reason that the petitions were required to be filed before March 26, 1965. From this order appellant has appealed.

Section 2 of ordinance 93643 provides: "This ordinance shall take effect and be in force thirty days from and after its passage and approval, . . . by the Mayor; . . . ."

Article 4, § 1(J) of the Seattle charter relating to referendum by petition insofar as here pertinent provides as follows:

---

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The referendum may be invoked by petition bearing the signatures of the required percentage of qualified voters . . . which petition shall be filed with the city comptroller before the day fixed for the taking effect of the said law or ordinance, which shall in no case be less than thirty (30) days after the final favorable action thereon by the mayor and city council, . . . .

The parties are in agreement that by computing the time in accordance with the general rule excluding the first day and including the last day (*Donohoe v. Shearer*, 53 Wn.2d 27, 330 P.2d 316 (1958); *Van Duyn v. Van Duyn*, 129 Wash. 428, 225 Pac. 444, 227 Pac. 321 (1924)), the 30th day after passage and approval of ordinance 93643 was March 26, 1965.

■ Appellant urges that the ordinance does not take effect until 30 days have fully expired, and therefore, the referendum petitions can be filed on the 30th day. It is appellant's position that the language in the referendum procedure provides a minimum time for the taking effect of any law or ordinance which is subject to referendum petition, and "the day fixed for the taking effect of the said law or ordinance, which shall in no case be less than thirty (30) days after . . . [approval,]" means that an ordinance does not go into effect until after 30 full days have expired.

Respondents argue that ordinance 93643 took effect on the 30th day and therefore, to comply with the referendum requirement, petitions must be filed *before* the effective date, *i.e.*, the 30th day.

In *State ex rel. French v. Seattle*, 187 Wash. 58, 61, 59 P.2d 914 (1936), this court was confronted with the identical language as that quoted above in § 2 of ordinance 93643. In that case the ordinance was approved by the mayor on June 3, 1927. Excluding the first day and including the last day, July 3, 1927, was the 30th day. We stated that the ordinance "undeniably took effect on July 3, 1927." *i.e.*, the 30th day. See also *State ex rel. Atkinson v. Northern Pac. Ry.*, 53 Wash. 673, 102 Pac. 876 (1909).

The phrase "shall take effect and be in force thirty days from and after its passage and approval" is understood to

mean that the ordinance goes into effect on the 30th day and continues in force from that point in time.

Paraphrasing from the referendum provision, the day fixed for the taking effect of ordinance 93643 was March 26, 1965. This date was not less than 30 days after the final favorable action taken on the ordinance in question. The words "which shall in no case be less than thirty (30) days after the final favorable action" do not prevent the ordinance from taking effect on the 30th day.

The referendum procedure requires that the petitions must be filed *before* the ordinance takes effect. Those petitions tendered after March 25 were not timely filed. The 30 day provision means that a petitioner has up to but not including 30 days in which to file his petition before the ordinance goes into effect.

The trial court properly granted respondent city comptroller's motion to dismiss. The order appealed from is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.