[No. 49240-9.  En Banc.  December 27, 1984.]

*In the Matter of the Estate of*
LINDA S. THOMPSON.

*In the Matter of the Estate of*
JOHN CLINTON MCMAHON.

---

*David B. Hallin,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *William B. Collins, Assistant,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Direct review was granted herein for the purpose of determining the effective date of Initiative 402 which repealed this state's inheritance and gift tax laws and substituted in their stead a limited death tax on estates large enough to be subject to federal estate taxes.

Initiative 402 was approved by a vote of the people at the November 3, 1981 general election. Our state constitution provides that an initiative *"shall be in operation on and after the thirtieth day after the election at which it is approved."* (Italics ours.) Const. art. 2, § 1(d) (amend. 72). The initiative itself, however, provides that it *"shall take effect January 1, 1982."*[1] (Italics ours.)

---

[1] RCW 83.100.903 (Initiative 402).

The petitioners herein are the estates of decedents who passed away over 30 days after approval of the initiative but before the January 1, 1982 effective date set forth in the initiative. It is the contention of the estates that the initiative measure became effective 30 days after its approval as declared by the constitution and that, as a consequence, they should not have to pay state inheritance tax under the previous law.

The following issue is thus presented.

## ISSUE

Does Const. art. 2, § 1(d) (amend. 72) prevent an initiative measure from becoming effective later than 30 days after the election at which it is approved?

## DECISION

CONCLUSION. In approving an initiative measure, the people of Washington wield direct legislative power. In the reasonable exercise of that power, they have the right to provide in the initiative itself that portions thereof shall not take effect until a time over 30 days after the date on which the initiative is approved by the electorate.

In the interest of readability, the citations in this opinion have been placed in the margin wherever feasible.

The constitution of the State of Washington provides for direct legislation by the people through the initiative and referendum processes. Const. art. 2, § 1 (amend. 72).

The initiative enables the people to propose and enact laws independently of the Legislature and the referendum enables them to approve or reject laws passed by the Legislature.[2] In approving an initiative measure, the people are exercising the same power of sovereignty that the Legislature exercises when it enacts a statute.[3]

In interpreting the provisions of the constitution which preserve the right of initiative to the people, this court has

---

[2]See generally Trautman, *Initiative and Referendum in Washington: A Survey*, 49 Wash. L. Rev. 55 (1973).

[3]See *Love v. King Cy.*, 181 Wash. 462, 469, 44 P.2d 175 (1935).

consistently applied the rule that such provisions will be liberally construed to the end that the right of initiative be facilitated.[4]

■ It is not unique for enactments to become law on one date but to have provisions therein become effective at a later date.[5] Initiative 402 is such a measure. By virtue of Const. art. 2, § 1(d) (amend. 72), Initiative 402 became *law* 30 days after approval by the electorate thus, for example, triggering the constitutional restrictions against the Legislature amending or repealing it for 2 years (Const. art. 2, § 1(c) (amend. 72). That did not, however, prohibit the people from providing that the new taxing provisions thereof would not become *effective* until January 1, 1982, as specified in the initiative.[6]

By construing the constitution in this fashion, we are not restricting the right of the people to reasonably provide, as they did here, sufficient time to facilitate an orderly transition from one system of inheritance and gift taxes to another.

There is obiter language in earlier decisions which counsel for the petitioning estates argues as suggesting that our holding herein should be otherwise than it is. The case at bench, however, is the first time this precise issue has been presented to this court. For example, in one of the cases cited to us, *State v. Paul,* 87 Wash. 83, 86, 151 P. 114 (1915), the court specifically pointed out that "[w]e are, therefore, not presented here with the question of the peo-

---

[4]*Sudduth v. Chapman,* 88 Wn.2d 247, 251, 558 P.2d 806, 559 P.2d 1351 (1977).

[5]*See Hallin v. Trent,* 94 Wn.2d 671, 676, 619 P.2d 357 (1980). *See, e.g.,* Initiative 229, Laws of 1967, ch. 1, p. 7 (repealing Sunday activities blue law), approved November 8, 1966, effective December 9, 1966; Initiative 276, Laws of 1973, ch. 1, p. 1 (RCW 42.17.010 *et seq.*) (public disclosure laws), approved November 7, 1972, effective January 1, 1973; Initiative 345, Laws of 1979, ch. 2, p. 11 (sales and use tax exemption—food products), approved November 8, 1977, effective July 1, 1978.

[6]*See Gottstein v. Lister,* 88 Wash. 462, 510–11, 153 P. 595 (1915); *State v. Gibbons,* 118 Wash. 171, 175–77, 203 P. 390 (1922).

ple's power to postpone the going into effect of an initiative measure". In another such case, *Skidmore v. Clausen,* 116 Wash. 403, 199 P. 727 (1921), the referendum there considered by the court contained no stated effective date of any kind. Those decisions are thus not determinative of the issue before us.[7]

*In re Estate of Hitchman,* 100 Wn.2d 464, 465, 670 P.2d 655 (1983) held that "inheritance tax accrues as of the date of death and that the express saving clause in the new law [RCW 83.100.900(2) (Initiative 402)] preserved all such obligations existing at the time the law became effective." Accordingly, the obligations of the estates to pay inheritance taxes under the old law existed on the January 1, 1982 effective date of Initiative 402 and the trial court did not err when it declined to grant their petitions for tax releases.

Affirmed.

WILLIAMS, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

---

[7]*See also Wynand v. Department of Labor & Indus.,* 21 Wn.2d 805, 810, 153 P.2d 302 (1944), and decisions referred to in footnotes 5 and 6 herein.