THE BAUER GROCER COMPANY *et al.*

*v.*

FREDERICK E. ZELLE.

*Opinion filed April 21, 1898.*

1. PLEADING—*rules applicable to a pleading are to be determined by its real nature.* The rules applicable to a pleading are to be determined, not by the name given it by the pleader, but by its real nature as disclosed by its allegations.

2. SAME—*a supplemental bill relates to matters occurring after commencement of suit.* A bill filed by complainant after hearing, the allegations of which relate to matters which occurred before the commencement of the suit, is an amended bill and not a supplemental bill, though given the latter name by the pleader.

3. SAME—*sworn bill may be amended to prevent failure of justice.* It is proper practice to allow a sworn bill to be amended when such course tends to prevent a failure of justice.

4. SAME—*when amendment to bill for an injunction need not be verified.* An amendment to a bill for injunction need not be verified by affidavit where the allegations of the amendment relate to matters other than the relief sought by the injunction and are not necessary to warrant the granting of the same.

5. SAME—*when not necessary to submit proposed amendment to sworn bill to court.* It is not necessary that a proposed amendment to a sworn bill should first be presented to the court in writing and verified by affidavit, where the evidence already before the court is sufficient to support the motion for leave to make such amendment.

6. SAME—*defendant should be allowed to answer amendment presenting new issues.* A defendant should be allowed leave to answer an amended bill which brings new issues into the case and prays for additional and different relief from that designed to be secured by the original bill.

7. INTEREST—*act of 1895, reducing interest to be paid on redemption, does not have retrospective operation.* The act of 1895, (Laws of 1895, p. 181,) which reduced the rate of interest to be paid by parties on

redeeming from a judicial sale, does not apply to redemptions from sales made before such act took effect, and the payment of the rate of interest therein provided for does not effect a legal redemption from such previous sales.

8. STATUTES—*statutes will not ordinarily be given retrospective operation.* A statute will not be given retrospective operation unless the language employed in the enactment is so clear that it will admit of no other construction.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

HADLEY & BURTON, for plaintiffs in error.

W. H. TEMME, for defendant in error.

Per CURIAM: This was a bill in chancery exhibited by Frederick E. Zelle, in vacation, to one of the judges of the circuit court of the third judicial circuit, the prayer whereof was that one of the defendants to the bill, one A. E. Burke, the sheriff of Madison county, should be enjoined from selling certain town lots in the town of Madison, in said county, at a sale advertised to be made by the said sheriff on the 18th day of August, 1896, by virtue of an execution issued on a judgment in favor of the other defendant, the Bauer Grocer Company, and against one B. W. Smith. The preliminary injunction was issued as prayed. At the succeeding term of the court the defendants answered the bill, and the parties respectively produced in open court proofs in support of the issues made by the bill, answer and replication, and the cause was submitted to the court and taken under advisement. The proofs developed that the sheriff had, prior to the issuance of the writ of injunction, executed and delivered a deed for the said lots to one William Cook in default of redemption from an alleged sale made under the said execution in favor of the said Bauer Grocer Company at a previous date. While the case was so under advisement the complainant in the bill, the defendant in

error here, applied to the court, and, over the objection of the defendants to the bill, obtained leave to file a supplemental bill. In pursuance of such leave a bill was filed which recited the substance of the original bill and of the proceedings thereunder, and represented further as follows, in substance:

"Your orator further represents, that on the 14th day of August, 1896, it being the same day that the defendants were duly served with notice in accordance with law that a writ of injunction would be applied for as above set forth, and before the day of the said sheriff's sale mentioned in the aforesaid bill, a further cloud was placed upon your orator's title through the connivance of the said A. E. Burke, sheriff, and the Bauer Grocer Company, with one William Cook and wife, of said Madison county, State of Illinois, who had purchased the aforesaid mentioned real estate at a prior illegal sheriff's sale and defaulted in the terms of said prior illegal sale, whereupon the said A. E. Burke, sheriff, re-advertised said real estate aforementioned to be sold on the 18th day of August, 1896; that the said Cook and wife never had paid any money in compliance with the terms of the said sale; that the said Cook, as well as said defendants, had been duly notified that said sale was illegal on account of the illegal redemption by the said Bauer Grocer Company; that the said Bauer Grocer Company, well knowing all these facts, induced the said William Cook and wife to execute and deliver to the said Bauer Grocer Company a quit-claim deed to the real estate aforementioned, dated August 14, 1896, and recorded the same day at 4:30 P. M., in book 251, page 151, whereupon the said Bauer Grocer Company induced the said A. E. Burke, sheriff, to issue and deliver to the said William Cook a sheriff's deed dated August 14, 1896, and recorded the same day at 4:30 P. M., in book 240, pages 513 and 514, now remaining as of record in the office of the recorder of Madison county, reference being thereto had will more fully ap-

pear, said sheriff's deed as well as the said quit-claim deed having been produced in evidence at the final hearing of this cause above mentioned. Your orator further represents that the filing and recording of the aforesaid deeds were not known to your orator on the day that the aforesaid writ of injunction was applied for, but were filed on the same day defendants acknowledged service of notice for said writ; that the said deeds are illegal and only create a further cloud upon your orator's title to the said real estate aforementioned, not anticipated at the time of the filing of said application for said writ of injunction. Your orator further represents that by the said execution and recording of the deeds aforesaid by said defendant the Bauer Grocer Company, the said suit so instituted by your orator has become defective, but that your orator is entitled to have the benefit of such suit and the proceedings therein, and to prosecute the same against the said A. E. Burke, sheriff, and the Bauer Grocer Company, from the period when it so became defective as aforesaid, and that for said purpose this his bill ought to be taken as supplemental to the said bill of the said F. E. Zelle. Forasmuch, therefore, as your orator is without remedy in the premises except in a court of equity, and to the end that the said A. E. Burke, sheriff, and the said Bauer Grocer Company, defendants, may be required to make full and perfect answer to the same, if it be deemed necessary by defendants to make any further answer to the same than already made to your orator's original bill, but not under oath, the answer under oath being hereby waived, and that it may be declared that your orator is entitled to have the benefit of the said original suit and the proceedings therein, and that your orator may be at liberty to prosecute the same against the defendants from the period when the original suit so became defective by the filing and recording of the aforesaid deeds, as aforesaid, and for that purpose this bill may be taken as supplemental to the said bill of

the said F. E. Zelle, and that your orator may have the same relief against the defendants as the said F. E. Zelle might have if said deeds aforesaid had not been executed and recorded; and may it please your honor to grant a further relief that the aforesaid deeds, as above mentioned, (copies of which are hereto attached and marked 'exhibit A' and 'exhibit B,') may be ordered canceled and set aside as a cloud upon your orator's title, and that your orator may have such other and further relief in the premises as equity may require and to your honor shall seem meet."

The allegations of this additional pleading related to matters which occurred prior to the institution of the suit, and therefore the pleading, though denominated a supplemental bill, was but an amended bill, and the rules of pleading applicable to it are to be determined, not by the mere name given to it by the pleader, but by its real nature as disclosed by its allegations. *Burke* v. *Smith*, 15 Ill. 158.

The material allegations are, that the defendants to the bill had offered the lots for sale under an execution upon the same judgment as they were proposing to sell it under at the sale on the 18th day of August, and that at said prior sale the lots were struck off to one William Cook, but that said Cook failed to pay the amount of his bid, and for that reason the sheriff re-advertised the lots to be sold on the said 18th day of August, but that the said defendants had, before the filing of the original bill, without the knowledge of the complainant, determined to abandon the second sale and arranged to have the said William Cook comply with the terms of the sale first made, and in pursuance of such arrangement said sheriff issued a deed to said William Cook purporting to be in pursuance of the prior sale, and the said William Cook executed a deed conveying the said lots to the said Bauer Grocer Company, and the deeds were placed upon record prior to the filing of the original bill, but that

such facts were unknown to the complainant when he filed the original bill. The prayer of the amended bill was that the said sale should be declared illegal, and the deeds from the sheriff to the said William Cook, and from said Cook to the Bauer Grocer Company, should be declared null and void and should be canceled.

The subject matter of the amended bill and the relief sought thereunder were germane to the original bill, and the evidence before the court disclosed the necessity and propriety of amending and broadening the pleading. It was clearly within the discretion of the chancellor to allow the amended bill to be filed. (*Mason* v. *Bair*, 33 Ill. 194; *Wylder* v. *Crane*, 53 id. 490; *Booth* v. *Wiley*, 102 id. 84; Rev. Stat. sec. 37, chap. 22.) It is proper practice to allow amendment of a sworn bill when such course tends to prevent a failure of justice. (*Thomas* v. *Coultas*, 76 Ill. 493.) No relief by way of injunction was asked by reason of the amendment, nor did the original injunction need for its support the amended matter. It was therefore not essential the amended bill should have been verified by affidavit. The evidence already before the court was sufficient to support the motion for leave to make the proposed amendment, and it was therefore not necessary that the rule announced in *Jones* v. *Kennicott*, 83 Ill. 484, that the proposed amendment to a sworn bill should be first submitted to the court in writing, verified by affidavit, should have been enforced.

The defendants to the bill moved the court for leave to file answer to the amended bill, but the motion was denied and the court proceeded to hear and determine the cause upon the original bill and answer thereto and the amended bill, and the proof presented *pro et con* by the respective parties prior to the filing of the amended bill, and rendered a decree finding that the sheriff's deed to Cook, and Cook's deed to the Bauer Grocer Company, were but clouds upon the title to said lots, and decreeing that they should be set aside and declared null and void

against the said Zelle, complainant in the original and amended bill, and that said deed should be delivered up to the clerk of the court to be canceled. We think the court erred in refusing to permit the defendants below, the plaintiffs in error here, to answer the allegations of the amended bill. The original bill sought to enjoin a proposed sale of the lots, and the amended bill sought to vacate a former sale and to cancel deeds made by virtue of said prior sale. The grounds of attack upon the deed executed by the sheriff to Cook were, that (1) it was based upon a sale made by virtue of an alleged redemption of the lots from a former sale to the complainant in the bill, and that the amount necessary to effect such redemption had not been paid to the sheriff; and (2) that said Cook did not comply with the terms of the sale, but that all parties abandoned the same and the sheriff advertised the property to be again sold by virtue of such execution and redemption. The amended bill therefore brought into the case new issues and prayed for additional and different relief than that designed to be secured by the original bill. We think the court should have permitted the defendants to the bill to answer the amended bill. *Gage* v. *Brown,* 125 Ill. 522; *Adams* v. *Gill,* 158 id. 190.

The contention of plaintiffs in error that defendant in error was present at the sale at which Cook was accepted as the highest bidder for the lots, and should be deemed, by what occurred at the time and place, to be estopped to insist the sale to Cook was illegal, constitutes proper matter to be set out in an answer to the amended bill but cannot be considered by us at this time.

It is apparent that a material point in controversy between the parties, and one which must arise upon another hearing, is as to the rate of interest which the plaintiffs in error were lawfully required to pay upon the amount bid by the defendant in error at the sale of the lots under the execution upon his judgment, in order to effect a legal redemption from such sale. The briefs

of the respective parties hereto are largely devoted to the discussion of this question, and it seems proper we should decide it in order it may be removed from consideration in the cause hereafter. The position of defendant in error is that the amount paid as in redemption from the sale was $1.49 less than he was entitled to receive under the law. He purchased the lots at a sale made by the sheriff on the 29th day of January, 1895. The statute then in force providing for a redemption from such sale required the party desiring to redeem to pay the amount of the bid and interest on the same at the rate of eight per centum per annum from the time of the sale. A subsequent enactment of the General Assembly approved June 21, 1895, in force July 1, 1895, reduced the rate per centum to be paid by a party desiring to redeem from eight to six per cent. The plaintiffs in error, to effect the redemption in this instance, paid to the sheriff the amount bid by the defendant in error at the sale and six per centum per annum interest thereon. This could in no event effect a legal redemption, unless the enactment reducing the rate from eight to six per centum is given retrospective operation, for such statute did not go into effect until more than five months after the date of the sale from which redemption was intended to be made. We find nothing in the statute indicating it was intended by the legislature it should have retroactive action. The rule is that statutes are prospective, and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction. *Guard* v. *Rowan*, 2 Scam. 499; *Marsh* v. *Chesnut*, 14 Ill. 223; *Deininger* v. *McConnel*, 41 id. 227; *Russell and Allison Drainage District* v. *Benson*, 125 id. 490.

For the reason indicated the decree is reversed and the cause remanded.

*Reversed and remanded.*