[No. 19845. Department Two. June 25, 1926.]

MILDRED P. KENDALL, *Respondent*, v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] MASTER AND SERVANT (20-1, 159)—INJURY TO SERVANT—QUES-
TION FOR JURY—NATURE AND CAUSE OF INJURY. In an action for
compensation for a death, under the workmen's compensation
act, findings that an employee received his injuries at the plant
of the employer are sustained by evidence that he died from
blood poisoning resulting from a splinter in his hand, that his
work consisted in handling newly made window sash, from
which he frequently got splinters in his hand, and that his out-
side work was not liable to subject him to such an injury.

[2] SAME (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION
ACT—ATTORNEY'S FEES. It is not an abuse of discretion to allow
an attorney's fee in the sum of four hundred dollars for the
prosecution of a widow's action for compensation for wrongful
death under the workmen's compensation act.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered October 13, 1925, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for a death loss, under the workmen's com-
pensation act. Affirmed.

*The Attorney General* and *M. H. Wight, Assistant,*
for appellant.

*Robert M. Davis* and *L. R. Bonneville,* for respond-
ent.

PARKER, J.—This is an appeal by the state depart-
ment of labor and industries from a judgment of the
superior court for Pierce county, rendered upon a
verdict of a jury directing the awarding of compensa-
tion to respondent, Mrs. Kendall, for the death of
her husband, resulting, as she claims, from an injury
occurring to him while he was engaged in an extra haz-
ardous employment at the plant of his employer. The

[1]Reported in 247 Pac. 457.

trial and disposition of the case in the superior court was upon an appeal taken by Mrs. Kendall from the rejection by the department of her claim for compensation.

[1] The only contention here made in behalf of the department, which we are required to notice as the merits of the appeal is that the trial court erred in denying the department's motions, timely made, to take the case from the jury and decide as a matter of law that the evidence did not warrant any award to Mrs. Kendall.

This contention, as here argued, presents only the question as to whether or not the evidence warrants the conclusion, as a mater of fact, that the injury resulting in Mr. Kendall's death occurred while in the course of his extra hazardous employment at the plant of his employer. He was employed in the woodworking manufacturing plant of the Wheeler-Osgood Company of Tacoma. His work consisted almost wholly in handling newly made window sash. While he worked at this employment during the usual working hours of each day, he also did about an hour's janitor work each morning for the Crumley Business College in Tacoma. On about December 23, 1924, his hand was injured as the result of some accident, by having a splinter injected into it. He paid no attention to it at the time; indeed, he seems not to have known just when it occurred. On the following day his injury became so serious and painful that he was compelled to quit work, and treatment of his hand was commenced by a physician. The wound had become infected in some manner, and continued to grow so serious that he died from blood poisoning on January 3, 1925.

His work in the handling of the window sash was such as to cause him to frequently get splinters

in his hands, and render it highly probable that the particular wound received by him, and from which he died, occurred while he was so handling the window sash, unless the evidence showed some degree of probability that he received the wound from some other source. The only argument advanced in this behalf is that it was equally likely that he might have received the wound from his work as a janitor for the business college. We think, however, the jury was, in view of the nature of that work as disclosed by the evidence, fully warranted in viewing his work in handling the window sash, which was his extra hazardous employment, as much more likely to be the place and occasion of receiving his injury. Under these circumstances, we think the evidence was sufficient to support the award made by the verdict and judgment.

[2] Some contention is made in behalf of the department, that the trial court awarded to Mrs. Kendall an excessive amount as attorney's fees [$400] in the prosecution of her claim in the courts. We are unable to see that the court abused its discretion in this respect.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and MACKINTOSH, JJ., concur.