[No. 19845.  *En Banc.*  January 4, 1927.]

MILDRED P. KENDALL, *Respondent,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1] MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT. A legislative declaration that the decision of the department of labor and industries is *prima facie* correct is not defeated, in an action to review the decision of the department upon a death claim, where the court instructed the jury that the decision of the department is *prima facie* correct and that the burden is upon the plaintiff to overcome the presumption by a clear preponderance of the proof.

[2] DEATH (25)—ACTIONS FOR WRONGFUL DEATH—EVIDENCE—SUFFICIENCY—CAUSE OF DEATH. The cause of the wrongful death of an employee through blood poisoning is sufficiently established and not left to conjecture and speculation, where it appears that the blood poisoning started from a splinter in his thumb, liable to have been received in the course of his employment at a wood working plant, and the defendant's counsel, on cross-examination of the plaintiff, the widow of deceased, drew out the fact that she knew the accident occurred at the plant, "because her husband told her so," and there was no objection made to the answer.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered October 13, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for a death loss under the workmen's compensation act.  Affirmed.

*The Attorney General* and *M. H. Wight, Assistant,* for appellant.

*Robert M. Davis,* and *L. R. Bonneville,* for respondent.

MITCHELL, J.—Heretofore one of the departments of this court filed an opinion affirming the judgment in this case.  139 Wash. 379, 247 Pac. 457.

[1] Upon a rehearing being granted and a reargu-

[1]Reported in 252 Pac. 107.

ment of the case, we desire to add somewhat to the views expressed in the opinion of the department. The burden of the argument on behalf of the appellant is, and at all times has been, that the verdict and judgment in the case defeat the legislative declaration that the decision of the department of labor and industries is *prima facie* correct, and also that they defeat the rule of law that verdicts shall rest upon testimony and not upon conjecture and speculation. In the trial of this case before a jury, Mrs. Kendall did assume the burden, and the court instructed the jury that the decision of the department of labor and industries in rejecting the claim "is *prima facie* correct, and the burden is upon the plaintiff to overcome this presumption by a clear preponderance of the proof".

[2] As to the other point, the argument is that the evidence is insufficient to support the verdict. That is, that the verdict was arrived at by conjecture and speculation, there being only a possibility that the injury occurred in the course of the employment, which employment was conceded to be extra hazardous.

In behalf of her case, Mrs. Kendall testified that at the close of the plant of the employer at which Mr. Kendall worked at noon for the day her husband came home and complained during the afternoon of pain in his thumb. After dinner, she visited her daughter for a while and, upon returning home that night, she found Mr. Kendall bathing his thumb in hot water; that she examined his thumb at that time and saw "a small mark like as if he had been picking out some sliver or something", and that at that time she talked with him as to the cause of the injury. Then in cross-examination, on behalf of the department of labor and industries, she testified as follows:

"Q. Now, you do not know the place where he sustained the injury, not on his hand, but the place where

his hand was injured, was hurt? A. You mean where he worked at the time? Q. You do not know the place where he got hurt, do you? A. Yes, sir, Wheeler-Osgood's. Q. Wheeler-Osgood's? A. Yes, sir. Q. How do you know that it was there? A. I cannot answer that question. Q. How is that? A. I am not allowed to answer that question, am I. Q. I am asking you how you knew it was there? A. Because he told me so.''

This testimony was brought out by the appellant who in no way objected to the last answer that was not taken from the jury. The evidence altogether rather conclusively showed that blood poisoning set in from the injured thumb, from which Mr. Kendall died about eleven days later. The weight of the testimony was for the jury, concerning which the jury was correctly instructed.

Affirmed.

All concur.