[No. 21248.    Department One.    June 25, 1928.]

AUGUST CLOQUET, *Appellant,* v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*[1]

[1] MASTER AND SERVANT (121-2) — WORKMEN'S COMPENSATION —
REMEDIES—REVIEW.  Where, on appeal from an award of work-
men's compensation, the order is withdrawn and cancelled by
agreement, and a different award made, the appeal cannot be
further prosecuted and is properly dismissed on motion.

[2] SAME (121-2)—APPEALS—ATTORNEYS' FEES AND COSTS.  Upon a
settlement of a workman's claim for compensation, after appeal
from an award and cancellation of the order appealed from,
the courts have no jurisdiction to award costs of the appeal
and attorney's fees thereon.

Appeal from an order of the superior court for
Pierce county, Card, J., entered February 14, 1928, dis-
missing an appeal from a decision of the department
of labor and industries.  Affirmed.

*P. L. Pendleton,* for appellant.

*The Attorney General* and *Mark H. Wight, Assist-
ant,* for respondent.

TOLMAN, J.—In the year 1925 appellant, having sus-
tained an injury in the course of his employment, filed
his claim for compensation with the department of
labor and industries.  The claim was allowed and the
claimant classified as having a temporary total dis-
ability.  Monthly payments were continued under this
classification until August 11, 1926, at which time he
was reclassified as having a permanent partial dis-
ability.  A final award of $600 was made and a war-
rant for that amount, together with the balance due
under the previous classification, was sent to him with
a formal notice of the reclassification and the closing

[1]Reported in 268 Pac. 602.

of his claim. Being dissatisfied with the order and the award, the claimant appealed to the superior court for Pierce county. After the appeal was taken, an agent of the department called upon counsel for the claimant and an arrangement was made by which the warrant was returned, the previous order was canceled, the classification of temporary total disability was restored and the monthly allowance of $35 was paid to the claimant thereafter until June 20, 1927.

On or about July 11, 1927, the department terminated the temporary total disability classification, and then classified the claimant as having a permanent partial disability and awarded him $900. A warrant for this sum, together with what was due under the previous classification, and a notice of final settlement was mailed to the claimant on July 16, 1927. No appeal was ever taken from this final order and award.

A few months later the claimant, through his attorney who had taken the appeal from the first closing order, sought to have that case set for trial and the department, being advised of the fact, moved to dismiss the appeal. From an order granting the motion and dismissing the appeal, the claimant has appealed to this court.

[1] We gather from the record that appellant is now claiming a right to try out matters relating to alleged aggravation of his injuries which occurred long after his appeal was taken and long after the order appealed from was by the department, under agreement with him, canceled and set aside. The alleged aggravation of injuries, having occurred long after the previous controversy was settled, could not in any event be injected into that case. Such matters are within the exclusive jurisdiction of the department and may only be reviewed by the courts by appeal from the order of the department. Possibly the

order of the department of July 11, 1927, was, in effect, a denial of the claim of aggravation of injuries. If so, it could have been reviewed by an appeal from that order.

[2]  Appellant also argues that, if his appeal was well taken, the judgment of the court reversing the department would have allowed to him costs and attorney's fees, and seems to contend that, notwithstanding the settlement with the department by which he secured a cancellation of its order and a reinstatement of his previous classification with all of the benefits flowing therefrom which he has accepted and retained, that he may now proceed to trial, use that settlement as proof that the canceled order was erroneous and now recover his costs and attorney's fees. Such a proceeding would be wholly inequitable. Moreover, when litigants compose their differences and wipe out the subject of the litigation, nothing being said about costs and attorneys' fees, it is to be presumed that each party will bear his own; and in any event, when the subject matter of a law suit is, by agreement of the parties, finally and fully settled, the courts will not further retain jurisdiction for the purpose of deciding questions relating to costs.

The judgment is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.