[No. 21930. Department Two. November 19, 1929.]

AUGUST CLOQUET, *Appellant,* v. DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*P. L. Pendleton,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for respondents.

[1]Reported in 282 Pac. 201.

FRENCH, J.—Sometime in the year 1925, the appellant was injured, filed a claim with the department of labor and industries, his claim being allowed and certain payments made thereon, and some dispute arising between him and the department, the matter ultimately reached this court. A full and comprehensive statement of that case will be found in *Cloquet v. Department of Labor and Industries,* 148 Wash. 229, 268 Pac. 602.

This appeal involves a claim for an aggravation of his injuries and was dismissed by the trial court on the ground and for the reason, in so far as we are able to gather from the record, first, that there had been a prior claim for the same aggravation of injuries for which the department claimed full settlement had been made; and certain other grounds were then given for not allowing the same; that an appeal had been taken from such order to the superior court, the appeal dismissed, no appeal taken to this court, and it is now claimed that that was a final adjudication of the matter, and that the present action is brought for the purpose of recovering on a claim which has heretofore been finally determined.

The record in the instant case is incomplete in many particulars, and it may be seriously questioned whether or not it is sufficient to present the questions attempted to be raised by appellant. The rule seems to be, however, that "courts will take judicial notice of their records touching prior proceedings in the same case." *Perrault v. Emporium Department Store Co.,* 83 Wash. 578, 145 Pac. 438.

We have therefore examined the record in the prior case and find therein the following petition:

"To the Director of the Department of Labor and Industries, the Supervisor of Industrial Insurance and

the Supervisor of Safety, Insurance Building, Olympia, Washington.

"Take notice, that the undersigned claimant, August Cloquet, hereby makes application for a rehearing before the joint board of the department of labor and industries of the state of Washington, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety, from the ruling of the department of labor and industries dated February 14, 1928, denying claimant further compensation for injuries to his skull and back.

"The claimant considers the letter of the department of labor and industries, carrying the decision refusing claimant further compensation, as unjust and unlawful, inasmuch as the department of labor and industries have full notice that claimant claims to be totally disabled, as a result of fractured skull, and as a further result of the insertion, breaking, leaving and operation to remove one and one half inches of a four-inch needle used by Dr. Keller, then a state doctor, in making a spinal lumbar puncture; that such ruling was unjust because of the knowledge of the department of labor and industries that the claimant claims that the breaking of the needle and the operation to remove the same has injured the nerves or vertebrae of the spine, and that the department has never compensated him for such injury; such ruling and denial of further compensation is unjust and unlawful, and a rehearing should be had for the reason that the claimant not only claims an aggravation of injuries, but claims that the insertion, breaking, leaving and removing of said needle in attempting to diagnose the skull injury constitute an additional injury under the workmen's compensation act and that the department of labor and industries has never taken into consideration, and has never settled for the additional and aggravated injuries and physical conditions, which, in addition to the skull injury, have caused the claimant to be under treatment for his back at the point of the operation for removal of the needle the major part of the time since October, 1926, requiring claimant to spend two to three months in the hospital, taking electric treatments, besides doctoring with a private doctor; that

there is an imperfect healing of the damaged cartilage where the needle entered the spine, which, together with the injury to the skull, causes total disability of the claimant, for which he has only had payment on account in the sum of nine hundred dollars ($900) and that such claimant contends that he never understood the acceptance of the $900 as being settlement in full, and that no communication was made to him that the same was settlement in full, and that had such communication been made to him, he would not have accepted.

"That claimant is a man fifty odd years of age, and was never ill in his lifetime until the injury to his skull, and that claimant is entitled, under section twenty-two, chapter 310, Laws of 1927, to a lump sum settlement in the sum of four thousand dollars ($4,000).

"You and each of you please be advised that the undersigned claimant, by reason of a portion of section 8, chapter 310, Laws of 1927, reading as follows: 'this act shall not affect any appeal pending, or right to appeal existing, the time this act shall take effect,' by reason of the injury taking place before the foregoing amendment to appeal, if necessary, direct to the superior court of the state of Washington, from the ruling of the department of February 14, 1928, and further reserves the right to institute a separate independent action or appeal in the superior court of the state of Washington, by reason of this appeal, should the joint board act unfavorably upon this petition for a rehearing, and prays for an immediate rehearing to be heard in Pierce county, Washington, the place of residence of the claimant, at a place to be designated by the joint board, to the end that if such claim be allowed, the claimant, and department of labor and industries may avoid the burden of an appeal now pending to the supreme court of the state of Washington, and to the end that if upon such hearing the claimant's claim be disallowed and the ruling of the department of labor and industries in all matters be affirmed, that such claimant still have the opportunity to, if possible, avoid more than one appeal or proceed-

ing in the superior court of Pierce county, Washington (which former appeal is still pending and appeal being perfected to the supreme court of the state of Washington).

"In view of existing conditions, action by the joint board at an early date would be appreciated."

There is also an order denying the petition, which reads as follows:

"P. L. Pendleton, Lawyer,                    March 7, 1928.
"1009 Puget Sound Bank Bldg.,
"Tacoma, Washington.
"Dear Sir:      Re: Claim No. 332952—August Cloquet
"We have your letter of February 24, together with petition for rehearing in the above described claim.

"You are advised that, as the statute of limitations has run against this claim and as the puncture wound was taken into account when final settlement was made, together with the fact that there has been no showing of aggravation, the board is taking the position that they are without jurisdiction and the claim will remain closed as of July 11, 1927."

An appeal from that order was denied on September 29, 1928, by the following order:

"This matter coming on regularly for hearing upon the motion of defendant for a dismissal, the plaintiff appearing by and through his attorney P. L. Pendleton and the defendant being represented by Mark H. Wight, Asst. Atty. Genl. and the court being fully advised in the premises,

"It is hereby ordered that the above entitled action be and the same is hereby dismissed.

"Plaintiff excepts, Exception allowed.

"Done in open court this 29th day of Sept., 1928.
                    "ERNEST M. CARD, Judge."

Thereafter on October 31, 1928, the appellant filed with the department an application for a rehearing which is substantially the same in every particular as the one presented February 24, 1928. It does not ap-

pear from the record whether or not the claim was filed before the joint board for reopening the case, excepting inferentially, nor does there appear any order of the department. The matter, however, was taken to the superior court and a motion to dismiss was interposed, supported by an affidavit which, among other things, alleges:

"That following the decision of the supreme court above referred to, the said plaintiff filed in Cause No. 58214 of the superior court of Pierce county, Washington, being the same cause number which was taken to the supreme court, a new notice of appeal from the failure and refusal of the department to allow the plaintiff his claim for alleged aggravation due to the insertion of the needle in plaintiff's back as aforesaid, but that said notice of appeal was duly dismissed by the superior court upon motion of the state and after full argument by the attorneys representing the two parties. Reference is hereby made to the records and files in cause number 58214 above referred to, and the said records and files are by reference made a part hereof. That no appeal was taken to the supreme court from the order dismissing the said second notice of appeal."

This affidavit is no place denied in the record. The affidavits presented on behalf of the department disclose that the aggravation caused by the breaking of the needle was considered by the department in closing the claim on July 11, 1927. The record shows that the claim for aggravation of injuries was denied by the superior court order of September 29, 1928. The record fails to show, any place, any claim for aggravation of injuries after the department's order of denial made on March 7, 1928, and fails to show any claim for aggravation of injuries after the date of the dismissal of the appeal to the superior court on the 29th day of September, 1928. On this state of the record, the order of the superior court made on the 29th day

of September, 1928, finally adjudicated the entire matter, and, no appeal having been taken therefrom, is final, binding and conclusive.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.