[No. 30464. Department One. February 26, 1948.]

HENRY BODINE, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 190 P. (2d) 89.

William D. Askren, Special Assistant to the Attorney General, for appellant.

Kohlhase & Armstrong, for respondent.

MILLARD, J.—While working for Pacific Paperboard Company in extrahazardous employment on May 26, 1945, Henry Bodine was injured. His claim for compensation, January 21, 1946, was closed by the supervisor of industrial insurance, with an adjudication that he had not sustained any permanent partial disability. On January 26, 1946, he retained the services of the law firm of Kohlhase & Armstrong, duly licensed attorneys in this state, and entered into a written contract with them by which he was obliged to pay for their services an amount equal to one third of any sums they might recover for his disability.

On January 26, 1946, Bodine's petition for rehearing was mailed to the joint board of the department of labor and industries. Hearings were had, evidence was introduced, and on June 6, 1947, Bodine accepted the joint board's offer of thirty-five per cent disability in the amount of twelve hundred sixty dollars, "and the joint board dismissed the appeal on June 16, 1947," on which date the joint board fixed an attorney's fee in the amount of two hundred twenty-five dollars, in reliance upon Laws of 1947, chapter 246, p. 998, § 3. No testimony was offered before the joint board as to the value of the services rendered by the attorney for the claimant, and a request for permission to make an oral argument to the joint board on the retroactive effect of the Laws of 1947, chapter 246, p. 998, § 3, and on the adequacy of the fee awarded, was denied.

Claimant appealed to the superior court from that portion of the order fixing as a reasonable attorney's fee the sum of two hundred twenty-five dollars. Judgment was

entered reversing the order on the grounds that § 3 of the statute in question was inapplicable to contracts in existence prior to the effective date of the law, and that the statute was in contravention of the due process clauses of the fourteenth amendment to the United States constitution, and Art. I, § 3, of the state constitution, for the reason that the statute does not provide for a fair hearing to determine the reasonable value of the services rendered. The department appealed.

All of the services of the attorneys under their contract between respondent and his attorneys were completed June 6, 1947, at which time respondent accepted the offer of the joint board of twelve hundred sixty dollars. This was six days prior to the effective date (June 12, 1947) of Laws of 1947, chapter 246, p. 998, § 3, which reads as follows:

"It shall be unlawful for an attorney engaged in the representation of any claimant to charge for services in the Department or on hearing before the joint board, any fee in excess of a reasonable fee, of not less than 10% nor more than 35% of the increase in the award secured by the attorney's services. Such reasonable fee shall be fixed by the Director of Labor and Industries for services performed by an attorney for a claimant prior to application for a hearing before the joint board. Such reasonable fee for services performed by an attorney for a claimant before the joint board shall be fixed by the board taking into consideration the fee previously allowed by the director, and it may review upon such hearing the fee fixed by the director. It shall be unlawful for any attorney engaged by any claimant in representation before the Department or the joint board to charge or receive directly or indirectly any fee or expenses in excess of that fixed as herein provided."

If the contract between respondent and his attorneys, with reference to the fees to be paid for representation of respondent before the department or the joint board, was valid at the time of its execution by the parties, January 26, 1946, we are clear that the fee-fixing section of the statute quoted above is not applicable to the contract. No question is presented in this cause of collection from a client of a fee in addition to the attorney's fee awarded in the superior court.

Laws of 1911, chapter 74, p. 368, § 20, which is the first enactment on the subject, reads as follows:

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence (except as otherwise provided in subdivision (1) of section numbered 5) in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. No such appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission within twenty days following the rendition of the decision appealed from and communication thereof to the person affected thereby. No bond shall be required, except that on appeal by the employer from a decision of the department under section 9 shall be ineffectual unless, within five days following the service of notice thereof, a bond, with surety satisfactory to the court, shall be filed, conditioned to perform the judgment of the court. Except in the case last named an appeal shall not be a stay. The calling of a jury shall rest in the discretion of the court except that in cases arising under sections 9, 15 and 16 either party shall be entitled to a jury trial upon demand. It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the court in the case, and, if the decision of the department shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administration fund, if the accident fund is affected by the litigation. In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the superior court as in other civil cases. The attorney general shall be the legal adviser of the department and shall represent it in all proceedings, whenever so requested by any of the commissioners. In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same."

The foregoing section of the statute has reference to a direct appeal to the court from an order of the department. At that time, no record was made before the department, and it was not necessary for claimant to retain an attorney. All of the cases prior to the amendment of Laws of 1911, chapter 74, p. 368, § 20, should be considered in the light of the subsequent amendments.

When the joint board was created in 1927, Laws of 1911, chapter 74, p. 368, § 20, was amended by Laws of 1927, chapter 310, p. 850, § 8, which is substantially as it now appears in Rem. Supp. 1943, § 7697 [P.P.C. § 704-1]. Laws of 1939, chapter 184, p. 579, § 1 (Rem. Rev. Stat. (Sup.), § 7697-2 [P.P.C. § 704-3]), provide for a trial by jury of appeals to the superior court from decisions of the joint board of the department of labor and industries. Since the enactment of Laws of 1927, chapter 310, p. 850, § 8, the claimant's only opportunity to make a proper court record is at the time of the hearing of his claim before the joint board, when he must offer all of his evidence. One who reads the numerous rules of the joint board will be convinced that a claimant could not comply with the requirements of those rules and the decisions of the court relating to admissibility of evidence unless he were a lawyer. The claimant must retain a lawyer or his right to a petition for rehearing is effectively denied.

Rem. Supp. 1943, § 7697, provides that

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety. Such application shall set forth in

full detail the grounds upon which the applicant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the joint board, and it must contain a detailed statement of facts upon which such claimant, employer or other person relies in support thereof. The claimant, employer or other person shall be deemed to have waived all objections or irregularities concerning the matter on which such rehearing is sought other than those specifically set forth in such application for rehearing or appearing in the records of the department. . . .

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department. . . .

"It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the court in the case, and if the decision of the joint board shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund, if the accident fund is affected by the litigation. . . ."

The only appeal mentioned in Rem. Supp. 1943, § 7697, is the appeal to the courts from the proceeding before the joint board, which is designated and referred to as "rehearing." There is no prohibition in the statute against attorney's fees by attorneys for services rendered before the joint board. The prohibition relates solely to charges by attorneys "engaged in any such appeal." It is patent that in no event is this applicable to cases in which there is not such an appeal. There was no appeal in this cause as contemplated by Rem. Supp. 1943, § 7697.

The case at bar does not present the question of whether an attorney may collect for services before the joint board after the superior court has fixed a reasonable attorney's fee. The question whether an attorney may be awarded a fee for his work in the superior court only, was considered

in *Wintermute v. Department of Labor & Industries*, 183 Wash. 169, 48 P. (2d) 627. It is obvious from a reading of the following language of that opinion that we considered only the services performed in the superior court, and al- lowed nothing for the work before the joint board and the preparation of the record:

"There is nothing difficult in the procedure for attorneys in taking an appeal—the burden being mostly on the de- partment to file a certified record in the superior court. The trial in this case to a jury, it appears, lasted about one day. The statement of facts contains sixty-eight typewrit- ten pages. Other features of the case, essential to be con- sidered in fixing the fee, though not more specifically mentioned or referred to here, have been duly considered, and, in our opinion, the amount fixed by the trial court is so greatly unreasonable and excessive as to require a modi- fication; and, while the amount we fix must not be taken as a rule by which attorneys' fees in other cases may be fixed (each case depending upon its own circumstances in that respect), we are of the opinion that the judgment for one thousand dollars as a reasonable attorney's fee in this case should be, and direction is hereby given that it be, modified so as to provide for four hundred dollars as a reasonable attorney's fee."

In *Dessen v. Department of Labor & Industries*, 190 Wash. 69, 66 P. (2d) 867, where the question was again presented, we held that the time involved in the trial of the cause, and the issues which were involved, were the determining fac- tors. We said:

"There remains to be discussed the question of the rea- sonableness of the attorney's fee of five hundred dollars. We have reviewed the cases cited upon this subject, but none furnishes any absolute guide. Rather large fees have been sustained in some cases, as for instance in the case of *Abraham v. Department of Labor & Industries*, 178 Wash. 160, 34 P. (2d) 457, where an important and novel question of law was involved which required an exhaustive search of the authorities and involved a large amount of work. Here, neither the factual issue nor the legal issue is particularly involved, the time required in the trial of the case was not long, and we feel satisfied that a fee of $250 is sufficient and more nearly in line with our previous holdings."

In *O'Brien v. Industrial Ins. Department,* 100 Wash. 674, 171 Pac. 1018, we held that the superior court could not, nor could this court, allow attorney's fees for services performed in appealing to this court. We said:

"On the second question, we are of the opinion that the court erred in allowing the conditional attorney's fee. The right of a litigant to recover his attorney's fees from the opposing party is a statutory right. It did not exist at the common law. The statute cited as bearing upon the question, Rem. Code, § 6604-20, relates to appeals from the orders of the industrial insurance commission to the superior court. No statute authorizes the allowance of attorney's fees on an appeal from the superior court to the supreme court. There being no statute granting the right, it is beyond the power of either the superior court or this court to make an allowance of attorney's fees for such an appeal."

The statute (Rem. Supp. 1943, § 7697), provides that an attorney "engaged in any such appeal" may not charge or receive "any fee therein" in excess of a reasonable fee, to be fixed by the court. Manifestly, the word "therein" refers to the appeal procedure and has no reference to services before the joint board or the supreme court. We held in *Kendall v. Department of Labor & Industries,* 139 Wash. 379, 247 Pac. 457, that the award by the trial court to the claimant of four hundred dollars as attorney's fees "in the prosecution of her claim in the courts" was not excessive.

In *Cloquet v. Department of Labor & Industries,* 148 Wash. 229, 268 Pac. 602, the claimant appealed to the superior court from the decision of the department, but the appeal was dismissed by agreement of the parties and a different award was made. The following language in that opinion sustains the position of respondent that a claimant may compensate his attorney for services before the joint board:

"Appellant also argues that, if his appeal was well taken, the judgment of the court reversing the department would have allowed to him costs and attorney's fees, and seems to contend that, notwithstanding the settlement with the department by which he secured a cancellation of its order and a reinstatement of his previous classification with all

of the benefits flowing therefrom which he has accepted and retained, that he may now proceed to trial, use that settlement as proof that the canceled order was erroneous and now recover his costs and attorney's fees. Such a proceeding would be wholly inequitable. Moreover, when litigants compose their differences and wipe out the subject of the litigation, nothing being said about costs and attorney's fees, it is to be presumed that each party will bear his own; and in any event, when the subject matter of a law suit is, by agreement of the parties, finally and fully settled, the courts will not further retain jurisdiction for the purpose of deciding questions relating to costs."

*Kendall v. Department of Labor & Industries, supra,* presents a case where the matter was settled after the appeal to the courts. In the case at bar, the litigants composed their differences prior to the appeal, which is a much stronger case than *Kendall v. Department of Labor & Industries, supra.*

The only provision for the allowance of attorney's fees is found in Rem. Supp. 1943, § 7697, and is restricted to an allowance of a fee for services performed in behalf of the claimant in the superior court and only in the event that claimant is successful. There is no other provision in the statute authorizing the allowance of an attorney's fee for services rendered in behalf of the claimant before the joint board of the department, and the attorneys must look solely to their clients for compensation for such services.

■ The contract between respondent and his attorneys, respecting the fee to be paid by respondent to his attorneys for services before the joint board, is a valid contract. All of the services under that contract were performed prior to the effective date of Laws of 1947, chapter 246, p. 998, § 3, and the award by the joint board was accepted June 6, 1947, which was six days prior to the date the new law became effective.

■ It is unnecessary to review the authorities that, where a statute affects the remedy merely, and does not impair vested rights or the obligation of contract, retrospective effect may be given to such legislation. *Lane v.*

*Department of Labor & Industries,* 21 Wn. (2d) 420, 151 P. (2d) 440; 11 Am. Jur. 1196-1202.

It is the general rule that statutes have no retroactive effect unless the legislative intent is so expressed therein, and we so held in *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014, which follows the general rule of statutory construction announced in *Heilig v. Puyallup City Council,* 7 Wash. 29, 34 Pac. 164, where we said:

"The law is to be construed prospectively, of course, unless by its express or clearly implied terms it is to have a retrospective effect."

In *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 85 P. (2d) 264, we said:

"It is a fundamental rule of statutory construction that a statute is presumed to operate prospectively and ought not to be construed to operate retrospectively in the absence of language clearly indicating such a legislative intent. *Teed v. Brotherhood of American Yeomen,* 111 Wash. 367, 190 Pac. 1005; *Hanford v. King County,* 112 Wash. 659, 192 Pac. 1013; *State ex rel. Chapman v. Edwards,* 161 Wash. 268, 295 Pac. 1017; *State ex rel. French v. Seattle,* 187 Wash. 58, 59 P. (2d) 914."

In construing the medical lien law (Rem. Rev. Stat. (Sup.), § 1209-1 [P.P.C. § 181-1] *et seq.*), in *Layton v. Home Indemnity Co.,* 9 Wn. (2d) 25, 113 P. (2d) 538, we followed the rule that statutes will be construed to be effective *in futuro* only, unless a contrary intent clearly appears. We said:

"It is now the universally accepted rule that retroactive legislation is looked upon with disfavor, and that statutes will be construed to be effective *in futuro* only, unless a contrary intent clearly appears.

" 'The general rule is that statutes will be construed to operate prospectively only, unless an intent to the contrary clearly appears. It is said "that a law will not be given a retrospective operation, unless that intention has been manifested by the most clear and unequivocal expression." And in another case [*Bauer Grocer Co. v. Zelle,* 172 Ill. 407, 50 N. E. 238; *Cleary v. Hoobler,* 107 Ill. 97]: "The rule is that statutes are prospective, and will not be construed to

have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction.'' The rule is supported by numerous cases. [Citations given]. . . . It is always presumed that statutes were intended to operate prospectively, and all doubts are resolved in favor of such a construction.' 2 Lewis' Sutherland, Statutory Construction, (2d ed.), 1157, § 642.

". . . It may be conceded that the statute is remedial in its nature, in the sense that it affords an additional remedy for the collection of a debt. However, the medical lien statute is in derogation of the common law, and, therefore, under the rule obtaining in this state, it is to be strictly construed.

". . . In the absence of any light from the statute itself upon that subject, our only safe course is to follow the rule to which this court has definitely committed itself, and to hold that, since by its terms no contrary intent clearly appears, the statute is to be given prospective effect only."

[redacted] The rights of parties under the workmen's compensation statutes are governed by the law in force at the time the injury occurred, and not the law in force at any subsequent time.

"It may be mentioned that chapter 104, Session Laws of 1931, p. 297, amended former statutes upon this subject, but the amendatory act did not go into effect until after June 4, 1931, the date of the accident involved in these proceedings. The rights of the parties are governed by the law in force at the time the injury occurred. *Thorpe v. Department of Labor and Industries*, 145 Wash. 498, 261 Pac. 85." *Sheldon v. Department of Labor & Industries*, 168 Wash. 571, 12 P. (2d) 751.

See, also, *Lynch v. Department of Labor & Industries*, 19 Wn. (2d) 802, 145 P. (2d) 265.

[redacted] We are committed to the rule that statutes will be construed to operate prospectively unless an intent to the contrary has been manifested by the most clear and unequivocal expression.

The statute (Laws of 1947, chapter 246) may not be given a retrospective operation, as such intention is not manifested by the most clear and unequivocal expression. *Layton v. Home Indemnity Co., supra.*

As the fee-fixing section (Laws of 1947, chapter 246, p. 998, § 3) is not applicable to the contract involved in the case at bar, the judgment is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.

