[No. 38645. En Banc. March 31, 1967.]

KING COUNTY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.\*

Reported in 425 P.2d 887.

*Charles O. Carroll, James E. Kennedy,* and *Russell R. Pearson,* for appellant.

*A. L. Newbould* and *John A. Hackett,* for respondent.

OTT, J.—This appeal presents a single issue: Do the provisions of RCW 36.62 require that the city of Seattle pay for the medical treatment furnished in the King County Harborview Hospital to city prisoners who have been found to be unable to pay for their own care and who do not qualify for public assistance under the welfare standards of the Department of Public Assistance of the State of Washington.

The facts are not in dispute. King County's Harborview Hospital in Seattle is a county hospital, operated under the provisions of RCW 36.62. King County, for more than 16 years, has furnished hospital services for Seattle Police Department prisoners without charge to the city of Seattle.

February 5, 1965, King County commenced this action against the city of Seattle contending that the defendant city was indebted to the county in the reasonable total sum of $4,037 for the hospital care of its prisoners who had been found to be unable to pay therefor, and who did not qualify for public assistance. The defendant answered the complaint alleging that there was no statutory duty on the part of the city of Seattle to pay for the medical services furnished such persons and denied liability. From a judgment sustaining the city's defense, the county has appealed.

The legislature by the enactment of RCW 36.62, which authorizes the establishment of county hospitals, provided in RCW 36.62.100 as follows:

> Patients shall be admitted to such hospitals in accordance with rules to be established by the board of county commissioners, but such rules shall provide that prefer-

ence in the admission of patients shall be given to those unable to pay for their care in private institutions. Whenever a patient has been admitted to the hospital from the county in which the hospital is situated, the superintendent shall cause inquiry to be made as to his circumstances, and of the relatives legally liable for his support. If he finds that the patient or the relatives legally liable for his support, are able to pay for his treatment in whole or in part, an order shall be made directing the patient, or his relatives, to pay to the county treasurer for his support, a specified sum per week, in proportion to their financial ability, but such sum shall not exceed that charged by private hospitals of similar size in the county for service of like character. The county commissioners may collect such sum from the patient or his estate, or from his relatives legally liable for his support. *If the superintendent finds that the patient, or his relatives, are not able to pay, either in whole or in part, for his care and treatment in such hospital, he shall be admitted free of charge.* (Italics ours.)

The cited section provides that patients shall be admitted to such hospitals in accordance with rules established by the board of county commissioners and that *"such rules shall provide that preference in the admission of patients shall be given to those unable to pay for their care in private institutions."* (Italics ours.)

The record on appeal does not indicate that the King County Board of County Commissioners has adopted any rules relating to the admission of prisoner patients to the hospital. On inquiry made at the time of argument before this court, the court was informed that it was believed no such rules of admission have been adopted.

The legislature in the enactment of RCW 36.62.100 provided that preference in admission of patients shall be given to those unable to pay for their care in private institutions. By the enactment of such a legislative policy, the legislature expressly provided that persons of poor financial risk be admitted to the hospital and be given preference over those having financial ability to pay.

The legislature has placed upon the superintendent of the hospital the duty to make inquiry as to the patient's finan-

cial circumstances or the financial ability to pay "of the relatives legally liable for his support." As to those unable to pay and who do not qualify for relief within the purview of RCW Title 74 and the rules of the Department of Public Assistance, the legislature has mandated that the necessary hospital services be furnished and "If the superintendent finds that the patient, or his relatives, are not able to pay, either in whole or in part, for his care and treatment in such hospital, he shall be admitted *free of charge*." (Italics ours.)

In construing the meaning of a statute, we are committed to the following rules of statutory construction: (1) A statute which is plain needs no construction. *In re Baker's Estate*, 49 Wn.2d 609, 304 P.2d 1051 (1956); *Parkhurst v. Everett*, 51 Wn.2d 292, 318 P.2d 327 (1957); *Seattle v. Ross*, 54 Wn.2d 655, 344 P.2d 216 (1959). (2) The court will not read into a statute matters which are not there nor modify a statute by construction. *State v. Rinkes*, 49 Wn.2d 664, 306 P.2d 205 (1957); *State v. Spino*, 61 Wn.2d 246, 377 P.2d 868 (1963). (3) In construing a statute, words must be given their usual and ordinary meaning. *State ex rel. Longview Fire Fighters Union v. Longview*, 65 Wn.2d 568, 399 P.2d 1 (1965); *Chelan Cy. v. Fellers*, 65 Wn.2d 943, 400 P.2d 609 (1965).

Applying the above rules of statutory construction to the provisions of RCW 36.62 and to the undisputed facts, it seems to us that the legislative mandate to the county maintaining a county hospital is clear as to (1) the patients it is to receive and (2) who is to pay for the care furnished. To read an exception into the statute relating to other persons who are to pay for the hospital care for prison patients who are financially unable to pay would require that there be read into the statute words which are not there. This the court will not do.

The county further contends that, irrespective of the statute, the city has a duty to furnish medical care for its prisoners. Art. 6, § 5 of the City Charter of the City of Seattle provides:

First. Process Directed to Chief of Police: Chief to Maintain Peace, Keep City Prison. The chief of police . . . shall be the keeper of the city prison. He shall have like power and responsibility as the sheriff of King County in similar cases, and shall perform such other duties as may be imposed by ordinance.

The "power and responsibility of the sheriff of King County" for the care of his prisoners are defined in part in RCW 36.63.020 and 36.63.060, as follows:

The sheriff shall have charge of the county jail of his county and of all persons by law confined therein and the sheriff shall conform to the rules and directions of the superior court of his county as provided by RCW 36.63.060 or which may from time to time by said court be made and communicated to him by the board of county commissioners. RCW 36.63.020.

The judges of the superior courts of the several counties shall, from time to time, prescribe in writing, rules for the regulation and government of the jails, upon the following subjects:

(1) The cleanliness of the prisoners;

(2) The classification of prisoners in regard to sex;

(3) Bed and clothing for persons sentenced for felonies;

(4) Warming, lighting, and ventilation of the prison;

(5) The employment of medical and surgical aid, when necessary;

(6) Employment, temperance, and instruction of the prisoners;

(7) The supplying of each prisoner with a Bible;

(8) Communication between prisoners and their counsel and other persons;

(9) The punishment of prisoners for violation of the rules of the prison;

(10) Such other regulations as the judges deem necessary to promote the welfare of the prisoners; *Provided*, That such rules shall not be contrary to law. RCW 36.63.060.

In compliance with the statute, the Superior Court Rules and Regulations for the Government of the King County Jail, Rule Nos. 8 and 17, are as follows:

Rule 8. It shall be the duty of the sheriff to require that the jail physician provide prompt and adequate medical attention. The jail physician shall keep adequate records of all sick, diseased, and injured prisoners, and, so far as jail facilities will permit, shall enforce segregation of prisoners with contagious and infectious diseases.

Rule 17. If a prisoner has any indication of acute illness, injury or contagious disease, the jail physician must be called and, if deemed necessary by the jail physician, the prisoner shall be hospitalized.

We find nothing in the cited statutes and court rules which impose a duty on the sheriff (city police) to do anything more, when the "jail physician" orders hospitalization of a prisoner, than to deliver him to an institution where such services are provided.

Under the facts of this case, this duty was performed when the prisoner patients were delivered to a county hospital, which was mandated by statute to provide for their care without charge if the patient himself or those relatives legally and financially responsible for him were unable to pay.

The judgment is affirmed.

HILL, DONWORTH, WEAVER, ROSELLINI, HUNTER, HAMILTON, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.