[Nos. 40768, 40769. En Banc. June 18, 1970.]

REIFF M. ANDERSON et al., Appellants, v. THE CITY OF
SEATTLE et al., Respondents.

EDNA M. BRIZENDINE et al., Appellants, v. THE CITY OF
SEATTLE et al., Respondents.*

*Franklin & Watkins*, by *Ralph E. Franklin*, for appellants.

*A. L. Newbould* and *E. Neal King*, for respondents.

NEILL, J.—This is a consolidated appeal by the plaintiffs from summary judgments and orders of dismissal entered upon motions by the defendant city in two actions for increased pensions. Plaintiffs in cause No. 40768 are 44 former Seattle police officers who were retired for disability pursuant to RCW 41.20.060 prior to June 8, 1961. Plain-

*Reported in 471 P.2d 87.

tiffs in cause No. 40769 are 12 widows of Seattle policemen killed in the line of duty, who were granted pensions under RCW 41.20.080 prior to June 8, 1961.

At the time each plaintiff was granted a pension, the relevant statutes provided for a pension equal to a percentage of the salary attached to the position held by the policeman at the time of his retirement or death. In 1961, these statutes were each amended to provide for pensions equal to a percentage of the salary "at any time hereafter attached to the position." Laws of 1961, ch. 191, §§ 2 and 3 (effective June 8, 1961). Under these amendments, the pensions fluctuate to maintain a proportionate relationship to current salary levels. This fluctuation has translated into steadily increasing pension payments.

The issue raised by these appeals is whether the changes effected by the 1961 amendments apply retrospectively, thereby benefiting the plaintiffs, or apply prospectively only. The trial court ruled against the plaintiffs' contention that these amendments operate retrospectively.

 Our resolution of this dispute is premised upon certain basic rules of statutory construction:

(1) It is neither the function nor the prerogative of courts to modify legislative enactments. *King County v. Seattle*, 70 Wn.2d 988, 425 P.2d 887 (1967); *State v. Spino*, 61 Wn.2d 246, 377 P.2d 868 (1963).

(2) The proper objective of all statutory construction is to ascertain and give effect to the legislative intent where that intent is not made explicit in the statute itself. *E.g., In re Estate of Kurtzman*, 65 Wn.2d 260, 396 P.2d 786 (1964); *McKenzie v. Mukilteo Water Dist.*, 4 Wn.2d 103, 102 P.2d 251 (1940); *Shorts v. Seattle*, 95 Wash. 531, 164 P. 239 (1917).

(3) A legislative enactment is presumed to apply prospectively only, and will not be held to apply retrospectively unless such legislative intent is clearly expressed or to be implied. *E.g., see Bodine v. Department of Labor & Indus.*, 29 Wn.2d 879, 190 P.2d 89 (1948); *Lynch v. Department of Labor & Indus.*, 19 Wn.2d 802, 145 P.2d 265 (1944).

(4) Courts are not at liberty to speculate on legislative intent when the legislature itself has subsequently placed its own construction on prior enactments. *State ex rel. Oregon R.R. & Navigation Co. v. Clausen,* 63 Wash. 535, 116 P. 7 (1911); *Cowiche Growers, Inc. v. Bates,* 10 Wn.2d 585, 117 P.2d 624 (1941); *Carpenter v. Butler,* 32 Wn.2d 371, 201 P.2d 704 (1949).

■ We have considered the contentions urged by the plaintiffs and find them overbalanced by the indicia of prospective intent in the terminology of the statutes. The 1961 enactments speak in forward-looking terms. When a policeman "becomes" disabled, the board "may . . . retire" him and "order and direct that he be paid from the fund." (RCW 41.20.060.) Similarly, when a policeman "loses his life" in the line of duty, "leaving" a surviving spouse or child, the board "shall order and direct" pension payments. (RCW 41.20.080.) Such present and future tense language serves as a strong indication that the statutes were not intended to apply retrospectively. However, an intervening development, in the form of clarifying legislation, makes further discussion of other factors inappropriate and unnecessary.

While this appeal was pending before this court, the legislature enacted Laws of 1970, 1st Ex. Ses., ch. 37, § 2, which reads as follows:

> Sec. 2. Section 34, chapter 209, Laws of 1969 ex. sess. and RCW 41.26.250 are each amended to read as follows:
>
> All benefits presently payable pursuant to the provisions of RCW 41.20.050, 41.20.060 and 41.20.080 as such RCW sections existed prior to the effective date of the amendment of such RCW sections by sections 1, 2, 3, chapter 191, Laws of 1961 to persons who retired prior to the effective date of the said 1961 amendatory act, shall be increased annually as hereafter in this section provided. On July 1, 1969 such presently payable benefits shall be increased two percent each year using as a basis for such two percent increase, the amount of the present benefit payable and not the amount of the future benefit payable which will hereafter be increased by the provisions of this section.

As to each person receiving such benefits on or after July 1, 1969, said increases shall take effect as of July 1st, of the first year when such benefits have heretofore or shall hereafter become payable. Each year effective with the July payment all benefits specified herein, shall be increased two percent as authorized by this section. This benefit increase shall be paid monthly as part of the regular pension payment and shall be cumulative but shall not be compounded.

This enactment not only changes the preexisting law, but also serves as a legislative interpretation of the effect of the 1961 amendments. Therefore, these cases are within the rule that the courts will recognize the legislature's construction of its own prior acts.

The 1970 enactment constitutes a legislative construction of the 1961 amendments as to their effect upon pensions awarded prior to the effective date of those amendments. The 1970 act speaks of benefits "presently" payable under the pre-1961 statutes to persons who were placed on the pension rolls prior to the 1961 amendments. The inescapable conclusion is that the legislature regards the 1961 amendments as prospective only and inapplicable to preexisting pensioners such as the plaintiffs. We are not inclined, nor would we be at liberty, to ignore the plain construction which the legislature has placed upon its 1961 amendments to these pension laws. We hold that those amendments do not apply to persons placed on the pension rolls before June 8, 1961.

It deserves note that Laws of 1970, 1st Ex. Ses., ch. 37, § 2, not only makes clear the legislature's intent that the 1961 amendments apply prospectively, but also provides for regular increases in the amounts payable to pensioners not covered by the 1961 amendments.

Affirmed.

ROSELLINI, HAMILTON, HALE, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.

FINLEY, J. (concurring)—I agree with the result reached by the majority opinion. However, I am very dubious and

must express serious misgivings regarding the breadth or scope of the statement of the majority that "[c]ourts are not at liberty to speculate on legislative intent when the legislature itself has subsequently placed its own construction on prior enactments." This, I strongly suggest, is an overstatement of a complex aspect of judicial-legislative interrelationships. An authentic interpretation by a subsequent session of the legislature is entitled to great weight. But subsequent legislative interpretation, like the initial legislation itself, normally may be given authoritative effect *only prospectively*. *See* J. Sutherland, 2 Statutory Construction § 3004 (3d ed. 1943). Traditionally and fundamentally the interpretation of the initial legislation remains a judicial function. In seeking the intent of the legislature, the judicial branch of government must ultimately be guided by the language used by those members of the legislature who passed the measure and not by an expression by a session, of different composition, which addressed the same subject 9 years later. *See* E. Freund, Legislative Regulation 178 (1932).

Determination of the meaning and legal effect of statutes enacted by the legislature, in an ultimate sense, is recognized traditionally as the function of the judicial branch. After the fact, legislative authentication relative to previous enactments is, in my judgment, extremely dubious.

HUNTER, C. J., concurs with FINLEY, J.